## 30795.   DAVIS *v*. THE STATE.

DECIDED APRIL 12, 1945.

*J. T. Grice,* for plaintiff in error.

*R. L. Dawson, solicitor-general,* contra.

MacIntyre, J. The defendant contends that the grand jury which indicted him consisted of less than eighteen persons in violation of the Code, § 59-202. A judge sitting without the intervention of a jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being his duty to ascertain the truth of the case from the opinion he entertains of all the evidence submitted for his consideration. *Reeves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140, 151 (122 S. E. 824). The judge was authorized to find that the conclusion of the grand juror in question, i. e., that he was not a component part of the grand jury nor served as a member at the time it found the true bill merely because he had asked no questions nor had anything to say nor voted for or against the true bill in question, was incorrect. All these things might have been true and, yet he still might have been a component part of the grand jury when the true bill was found. In order for him to have served as a grand juror in finding the indictment, it was not necessary that he should evidence his service by asking any questions or having anything to say, or even by voting, if the requisite number of the members of the grand jury, while acting as a whole, voted for the true bill, even though all of the other grand jurors present and serving refrained from voting or having anything to say or asking the witnesses any questions. See in this connection, 1 Bishop's New Criminal Procedure, § 131; 2 Wharton's Criminal Procedure (10th ed.), § 1296; 24 Ann. Cas. 30, 32; Cobb's New Digest, p. 547, § 297. It will not do to say that the court is conclusively bound by the conclusion of the juror in question, i. e., that he was not then and there serving as such when the facts testified to by him in connection with the other testimony considered in their most favorable light to the State, authorized the judge to find that the juror's conclusion was incorrect and that he had not withdrawn his mem-

bership or service from the grand jury during the investigation and finding of the true bill in question. The additional evidence, that the grand juror in question stated to the foremen "that he thought that he was disqualified on account of kinship to the defendants;" that the foreman answered him by telling him that, "I did not think that it was close enough to disqualify him, and, anyway, the defendants could not complain of a juror kin to them, and he sat down. He remained in the room and took part in the deliberations. I thought that he acted, since he remained in the room. I would not say that he asked any questions about the matter or voted for or against the indictment. I do not know whether he did or not, and would not say that he did," would not change the situation, for neither the *conclusion* of the juror that he was not serving on the grand jury when the indictment was found nor the opinion of the foreman that he (the grand juror in question) was so serving, were binding upon the court as statements of undisputed facts. This was the issue which the plea in abatement raised and the very issue the court was required to decide from all the facts and circumstances as they appeared from the evidence.

If in truth and in fact, the juror in question acted or served as one of the eighteen grand jurors in finding the bill and was kin to the defendant within the prohibited degree, nevertheless the judge would not have committed reversible error in overruling the plea in abatement to the indictment, for such disqualification of the grand juror would have been propter affectum and would not have been a valid ground for a plea in abatement to the indictment. "Nor is it good ground for a motion for new trial after verdict, even though the parties were ignorant of such defect until after the verdict. *Hall* v. *State,* 7 *Ga. App.* 115 (66 S. E. 390); *Mills* v. *State,* 57 *Ga.* 609." *Mitchell* v. *State,* 69 *Ga. App.* 771 (8) (26 S. E. 2d, 663); *Betts* v. *State,* 66 *Ga.* 508, 515. The judge did not err in overruling the plea in abatement setting forth that the grand jury did not consist of eighteen persons as provided by law.

The evidence amply authorized the jury to find the defendant guilty of false imprisonment as charged in the indictment.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*