40113. WILLIAMS v. THE STATE.

DECIDED MAY 16, 1963.

*Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error.
*Dewey Hayes, Solicitor General,* contra.

NICHOLS, Presiding Judge.   1. In defendant's special plea in abatement he contends that his arrest was illegal because the affidavit upon which the warrant issued for his arrest was insufficient.   Assuming arguendo but not deciding that this contention is a valid one, nevertheless such deficiencies complained of in the plea are not sufficient to vitiate an otherwise valid indictment for the reason that the indictment is not based upon the affidavit that preceded the issuance of the warrant.   Unlike an accusation, which is based upon the affidavit and warrant in every case, an indictment is returned only after a grand jury has made its own investigation.   Whether or not an actionable false arrest has been committed under the allegations of this plea is of course not decided here, but in this connection see *Michael v. Bacon,* 5 Ga. App. 331 (63 SE 228).

The second contention made by defendant's plea in abatement is that two of the grand jurors who acted in finding said indictment were disqualified and incompetent to act on same because of relationship within the prohibited degree under the

law. "Relationship of a grand juror within the sixth degree to a party interested in the indictment affords no ground for a plea in abatement to the indictment; and this rule was not changed by the act approved March 28, 1935 (Ga. L. 1935, p. 396; *Code Ann.* § 59-212)." *Farrar v. State,* 187 Ga. 401 (1) (200 SE 803). Accordingly, this contention is without merit, and whether or not the name of one of the grand jurors appeared twice on the indictment need not be considered since more than eighteen qualified jurors otherwise acted upon the indictment.

2. Special ground 1 of defendant's amended motion for new trial contends that the trial court erred in failing to charge certain principles in the language of the Code of Georgia, even without a request to so charge. An examination of the record, however, discloses that the trial court did in fact so charge the jury the substance, principles and language of the Code of Georgia that defendant contends in this special ground should have been charged and therefore this special ground is without merit.

3. Special ground 2 of defendant's amended motion for new trial complains that the court erred in giving the following in its charge to the jury as not being sound as an abstract principle of law: "I charge you further, gentlemen, that the law does not attempt to measure the degree of insanity which renders a man or woman irresponsible for his or her acts. That is a question for the jury." "In *Geer v. State,* 184 Ga. 805 (4) (193 SE 776), where the charge was in almost identical language to that given here it was held that such charge was error for the reason that the law does fix the degree of insanity which renders a man legally responsible for his acts, that measure being, with the exception of delusional insanity, whether the accused had reason sufficient to distinguish between right and wrong in relation to the particular offense. *Hubbard v. State,* 197 Ga. 77 (3) (28 SE2d 115) ; *Rozier v. State,* 185 Ga. 317, 320 (195 SE 172)." *Sanford v. State,* 217 Ga. 825, 826 (3) (125 SE2d 478). Accordingly, it was error for the trial court to so charge.

4. Since this case must again be tried for reasons set out in the third division of this opinion the general grounds of the motion for new trial will not be passed upon except to point out

that the verdict of guilty was not demanded under the evidence if, in fact, it was even authorized.

*Judgment reversed. Frankum and Jordan, JJ., concur.*