[No. 36750.   Department One.   January 2, 1964.]

EARL A. WARING, *Respondent*, v. STANLEY L. LOBDELL *et al.*, *Appellants.**

*Edmund T. Brigham,* for appellants.

*Jay Roy Jones,* for respondent.

PER CURIAM.—This is an appeal from a judgment awarded to the plaintiff (respondent) Earl A. Waring, a tavern operator in Newport, Washington, in an action against defendants (appellants), Stanley L. Lobdell and his wife. The suit was brought to recover payments made by the plaintiff to the United States Government for "gaming device" licenses, plus penalties and interest assessed thereon, on certain pinball machines that had been operating in his place of business.

The machines, owned by the defendants, were placed in the plaintiff's place of business and were allegedly operated as amusement devices. For several years, the federal government licensed these machines as amusement devices and levied an annual tax of $10 on each machine. In June, 1960,

*Reported in 387 P. (2d) 979.

however, the plaintiff received notice from the Internal Revenue Service of an assessment of $250 per year per machine, as gaming devices, under the federal code, 26 U.S.C. § 4461(2); 26 U.S.C. § 4462(2). The tax, penalties and interest totaled $2,020.90.

The plaintiff denied the machines were gaming devices, but entered into a compromise settlement with the Internal Revenue Service and paid a total amount of $1,840.39, in lieu of the original $2,020.90 assessment.

The trial court found that the parties agreed to share profits and expenses, and they were, therefore, engaged in a joint venture. Judgment was awarded in favor of the plaintiff for one-half of the amount paid, plus interest since its payment, and for costs.

The defendants appealed contending that the trial court erred in introducing certain evidence and in finding that a joint venture relationship existed. We do not find it necessary to reach these contentions at this time.

The question arises from the record as to whether the relief sought by the plaintiff is based upon a contract to engage in a gambling enterprise. It is clearly the policy of the law not to aid an illegal transaction. In *Hederman v. George,* 35 Wn. (2d) 357, 212 P. (2d) 841 (1949), we said:

" . . . It is a general rule that where the contract grows immediately out of, and is connected with, an illegal act, a court of justice will not lend its aid to enforce it. *Armstrong v. Toler,* 24 U. S. 115, 6 L. Ed. 468, 11 Wheat. 258. Where a plaintiff, to make a case, must rely upon the illegal contract itself, he cannot recover. The law will aid neither party to an illegal agreement, but will leave the parties where it finds them. *Reed v. Johnson,* 27 Wash. 42, 67 Pac. 381, 57 L.R.A. 404. A contract which is contrary to the terms and policy of an express legislative enactment is illegal and unenforcible. . . ."

If illegality appears, the court will deny relief on its own motion. The rule does not allow a defendant to waive the defense of illegality. *Sinnar v. LeRoy,* 44 Wn. (2d) 728, 270 P. (2d) 800 (1954).

In *Brower v. Johnson,* 56 Wn. (2d) 321, 352 P. (2d) 814 (1960), the parties in a consolidated action sought to ad-

judicate partnership rights arising out of the partnership's business of operating pinball machines. The court did not determine whether the machines were operated in such a manner as to constitute gambling devices. The case was remanded for retrial with directions that evidence be taken on ·that issue, and in the event the trial court found the primary business of the partnership was illegal, the consolidated action should be dismissed.

In the instant case the issue of whether the pinball machines were gambling devices or operated as such, and the parties were thus engaged in an illegal enterprise, was not raised as a defense nor considered by the trial court and we deem it to be crucial to the decision of this matter. It is necessary for the trial court to make ultimate findings of fact on all material issues. *Bowman v. Webster*, 42 Wn. (2d) 129, 253 P. (2d) 934 (1953).

We, therefore, remand this case with directions that the trial court make findings of fact and conclusions of law on this issue, and that additional evidence pertaining thereto be taken in its discretion. If it is determined that the machines are gambling devices, or operated as such within the purview of RCW 9.47 or the Washington State Constitution, Art. 2, § 24, then this action should be dismissed. Costs will abide the final determination of the cause.