## 44199. BLACK v. THE STATE.

WHITMAN, Judge. 1. This appeal is from a judgment of conviction and sentence for receiving stolen goods. The defendant demurred to the indictment. His demurrers were overruled and this action is enumerated as error.

The indictment reads in pertinent part as follows: "[T]ommy Black . . . did buy and receive from some person . . . one 1963 Chevrolet motor, type 327 and transmission unit complete of the value of $300, the same being the property of Barbara Bland, the same having been feloniously stolen by some party unknown, he, the said Tommy Black, knowing said goods were stolen when he so bought and received them from said thief."

The grounds of the defendant's special demurrer are that the horsepower of the motor is not specified; that no motor number or serial number of the motor is set out; that no transmission number or serial number is set out; and that it is not specified whether the transmission is automatic or non-automatic. The demurrer contended that, because of these deficiencies, the defendant is unable to prepare his defense or to plead in bar a subsequent prosecution for the same offense.

In *Carson v. State,* 22 Ga. App. 551 (2) (96 SE 500), "one five-passenger Ford automobile the value of four hundred ($400) dollars and the property of W. C. Jones" was held to be a sufficient description. Likewise, "one 1949 Model Fleetline Chevrolet coach of the value of $1,300, the personal property of J. D. Murray" in *Mitchell v. State,* 89 Ga. App. 80 (78 SE2d 563), and "one Oldsmobile Starfire Coupe automobile of the value of $3,000" in *Gee v. State,* 110 Ga. App. 439 (138 SE2d 700), were held to be sufficient descriptions to withstand demurrer.

The indictment in the present case is equally definitive. The trial court did not err in refusing to quash the indictment on the grounds specified.

2. The second enumeration of error is that the trial court erred in overruling defendant's motion to suppress as evidence any and all evidence gained by the Sheriff of Banks County and other law enforcement agents from a search of defendant's premises in June 1963, on the grounds that the search was made without warrant and without authority; that it was not incident to an arrest; that it was unreasonable; and that it

was in violation of the Fourth Amendment of the Federal Constitution and Art. I, Par. XVI of the Constitution of Georgia.

At the hearing on the motion there was evidence that law enforcement officers found a motor and transmission unit in defendant's yard and examined it to determine whether it was a unit taken and removed from a stolen automobile which had earlier been found abandoned on a road two or three miles away. The officers went on defendant's property without a search warrant and examined the unit and thereupon assumed custody of it. A warrant was *later* thought to have been obtained to search defendant's house for other parts, but the warrant was believed to have been lost, or in any event could not be produced. The defendant was not at home at the time but was later taken into custody when he returned.

On the hearing on the motion to suppress, one Van K. Worthy, Special Agent of the Georgia Bureau of Investigation, testified that "when we went to Tommy Black's residence no, we did not have a search warrant. . . I know that we didn't have one when we went there and found this motor hanging in the tree." Worthy as a witness for the State testified on the trial of the indictment in respect of numbers and other identifying facts found by him on his examination of the motor and transmission unit in its relation to the automobile body, on the basis of which he testified as an expert that it was his opinion the unit had been removed from the automobile body.

"It is settled doctrine that probable cause for belief that certain articles subject to seizure are in a dwelling cannot of itself justify a search without a warrant. Agnello v. United States, 269 U. S. 20, 33 [46 SC 4, 70 LE 145, 51 ALR 409]; Taylor v. United States, 286 U. S. 1, 6 [52 SC 466, 76 LE 951]." Jones v. United States, 357 U. S. 493, 497 (78 SC 1253, 2 LE2d 1514). This doctrine has full application to the case before us. Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081); *Johnson v. State*, 111 Ga. App. 298 (141 SE2d 574).

This was not a case where there was a search without a warrant but incident to a lawful arrest. In such a case, a search may be lawful. See United States v. Rabinowitz, 339 U. S. 56 (70 SC 430, 94 LE 653). In the present case defendant was taken into custody after the search, after he returned home.

It is argued by the State that the inhibition of the Federal and State Constitutions is not against all searches and seizures

without a warrant, but is against only "unreasonable" searches and seizures without a warrant. This is true as a general proposition. For a collection and discussion of cases on searches and seizures before arrest without a warrant, see Anno. 89 ALR2d 715, and particularly the cases cited under the headline "Search held unlawful," beginning at p. 757.

It is contended by the State that the search was not unreasonable because the search was not made inside defendant's house but was made in his yard. There is authority that a search and seizure without a warrant is not unreasonable when made in open places such as canyons, ditches, woodlands, pastures, etc. See authorities noted in 79 CJS 834, Searches & Seizures, § 66 (g). But it is the general rule that a warrant is required to search the curtilage. The yard immediately surrounding one's dwelling is well within the curtilage. *Wright v. State,* 12 Ga. App. 514 (77 SE 657).

Nor was this a case where because of exceptional circumstances a search was authorized without a warrant. There was no threatened destruction or removal of the evidence. Johnson v. United States, 333 U. S. 10 (68 SC 367, 92 LE 436).

This case does not fall within the purview of the so-called "open view" or "plain view" doctrine and the cases applying and giving effect to that doctrine as related to alleged unlawful searches and seizures. There is no evidence in this case that the defendant's premises were public property upon which entrance without a search warrant could lawfully be made. Moreover, there was no evidence that the motor and transmission unit found on the defendant's premises and which are the subject matter of the indictment, were within open or plain view from the public highway on which the premises abutted. Nor was there any evidence that the unit had any identification mark or marks thereon which could be seen from the abutting highway which could relate the unit to the automobile body which was located some two or three miles distant from defendant's premises and from which the State contended such unit had been removed. It was only after entry upon defendant's premises that these evidentiary facts could be determined. The entry upon the premises was the vital and controlling factor and there was no search warrant authorizing such entry.

The trial court erred in overruling defendant's motion to suppress. See Recznik v. City of Lorain, 393 U. S. 166 (89 SC

342, 21 LE2d 317). See also Wattenburg v. U. S., 388 F2d 853.

3. Two of defendant's enumerations of error are abandoned.

Inasmuch as the evidence may not be the same on another trial, the remaining enumerations, which raise the question of the sufficiency of the evidence to support the conviction, are not passed upon.

*Judgment reversed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED JANUARY 14, 1969—DECIDED JUNE 25, 1969.

*James Horace Wood*, for appellant.

*G. Wesley Channell, Solicitor General,* for appellee.