[No. 44880.   En Banc.   February 23, 1978.]

OLLIE JORDIN, ET AL, *Respondents*, v. JOHN VAUTHIERS, ET AL, *Appellants*.

*John Vauthiers,* pro se.

*McSherry & Ellis,* by *Jack McSherry,* for respondents.

HICKS, J.—Respondents Jordin and Lancaster, and appellant Vauthiers, were co–owners of two unpatented mining claims in the Swauk Mining District in Kittitas County. The claims, described as Nelson Hill No. 1 and Nelson Hill No. 2, were discovered in 1968 and location notice of each was recorded in the office of the Kittitas County Auditor. Following a disagreement among the co–owners, Jordin and Lancaster brought this action against Vauthiers for partition of the property. Vauthiers, appearing pro se, appeals from the trial court's judgment partitioning by sale the above mining claims. We affirm.

These mining claims are located within public lands of the United States open to mineral entry pursuant to the

mining laws of the United States. 30 U.S.C. § 22 *et seq.* In order to hold a mining claim, following discovery and location and prior to issuance of a patent thereon, federal law requires that not less than $100 worth of labor be performed or improvements made on the claim during each year. 30 U.S.C. § 28. In the case of co–owners, the law requires contribution from those who did not participate in the assessment work to those who did, provided certain notices are given; failure to contribute may result in a loss of the noncontributor's interest in the claim. 30 U.S.C. § 28. To establish of record that assessment work has been done, an affidavit of labor reciting that fact may be recorded in the office of the county auditor where the claim is located— in this case, Kittitas County.

Over the years, disputes concerning contributions for assessment work occurred among these parties. Vauthiers, on one occasion, acquiesced in a demand upon him for contribution and paid $555 to Jordin. Thereafter, Vauthiers prepared a notice of delinquent assessment contribution demanding $466.66 for discovery and location work on Nelson Hill Nos. 1 and 2, and $266.66 for assessment work on the two claims for the years 1969, 1970, 1972 and 1974. This notice was served upon Jordin and recorded in the office of the Kittitas County Auditor. Jordin promptly recorded an affidavit denying Vauthier's claim and alleging the notice to be void.

Following unsuccessful negotiations among the co–owners, Jordin and Lancaster commenced this action against Vauthiers seeking to partition the mining claims and to enjoin him from attempting to terminate their rights in the mining claims through use of the notice previously recorded by him. Vauthiers answered the complaint by asserting that Jordin and Lancaster had no interest in the mining claims, as such interest as they may have possessed had been forfeited to him under 30 U.S.C. § 28.

In this posture the case came to trial before the court sitting without a jury. It appears from the record before us that during opening remarks to the trial court the parties

agreed that affidavits of labor had been recorded in the auditor's office by Jordin and Lancaster in each year from the time of discovery to the time of trial. Consequently, the trial court preliminarily ruled that the issue of forfeiture of the interests of Jordin and Lancaster in the mining claims was foreclosed, absent a showing by Vauthiers that one or more of the affidavits were fallacious and that the assessment work had not been done. Vauthiers contended that the affidavits filed were false and the trial proceeded on the forfeiture issue.

After hearing numerous witnesses, the court ruled that there was no forfeiture and ordered the partition by sale of the claims. Vauthiers appeals solely from the determination that respondents' interest had not been forfeited.

■ Included in the court's findings of fact are Nos. 5 and 9 which state:

5. Reference hereafter to the mining claims involved in this action refers only to the Nelson Hill #1 and Nelson Hill #2 unpatented lode claims. It is acknowledged that said claims were properly discovered and located and that all of the required annual assessment work and discovery work has been completed to date and the claims are in good standing.

9. With respect to the assessment years and assessment work questioned in the defendant Vauthiers' answer, 1969, 1970, 1972 and 1974, the Court finds that plaintiffs Ollie Jordin and William Lancaster performed annual assessment work in at least the minimum value required by law, personally and by agents or employees of theirs, including but not limited to the following persons: Ollie Jordin, William Lancaster, Vernon A. Summers, Mr. Bula, Ernest Cochrun, Tom West, Larry Karr, Dorothy Lancaster and Dale Lewis. As a result, the Court further finds that the allegation of defendant Vauthiers that, pursuant to his claim for contribution for said years the rights of the plaintiffs in and to said claims have been adjudicated and the plaintiffs have no interest therein, is not supported by the facts and the evidence, and there is no forfeiture of plaintiffs' right, title and interest in and to said claims.

No challenge was taken to either of these findings and they become the established facts in this case. ROA I–43; *Goodman v. Bethel School Dist. 403,* 84 Wn.2d 120, 124, 524 P.2d 918 (1974). Our review, therefore, is limited to determining whether those facts support the conclusion that there was no forfeiture. *Goodman v. Bethel School Dist. 403, supra* at 124.

The relevant statute, 30 U.S.C. § 28, being one of forfeiture, must be strictly construed. *Turner v. Sawyer,* 150 U.S. 578, 585, 37 L. Ed. 1189, 14 S. Ct. 192 (1893). After establishing the requirement that labor and improvements be made annually on every mining claim, 30 U.S.C. § 28 provides in part:

> Upon the failure of any one of several coowners to contribute his proportion of the expenditures required hereby, the coowners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent coowner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his coowners who have made the required expenditures.

For a forfeiture to be effectuated, the owner claiming contribution must have performed all the necessary work (*Pack v. Thompson,* 223 F. 635 (9th Cir. 1915)), and the allegedly forfeiting owner must have failed to contribute his share of the expenditure required. *Brundy v. Mayfield,* 15 Mont. 201, 38 P. 1067 (1895). The court's conclusion here that there was no forfeiture is, therefore, clearly and sufficiently supported by its finding that Jordin and Lancaster had performed the necessary work in each of the years in question.

The trial court's determination that ownership of the mining claims is in all parties as co-owners and that partition of the claims shall be accomplished by sale is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.