[No. 5441–1.   Division One.   June 19, 1978.]

PAUL J. WILLIAMS, *Appellant,* v. RICHARD BURRUS,
ET AL, *Respondents.*

*T. Reinhard G. Wolff,* for appellant.

*Bannister, Bruhn & Cunningham* and *Jack Cunningham,* for respondents.

ANDERSEN, J.—

FACTS OF CASE

This is an appeal from a judgment of the trial court holding that a contract relating to the operation of a restaurant and cocktail lounge is illegal and refusing to enforce it.

The plaintiff, Paul J. Williams, sued the defendants, Richard Burrus and wife, for dissolution of a partnership between Williams and Burrus and for an accounting and distribution to Williams of his claimed share of the partnership assets.

Williams and Burrus had entered into a written agreement on March 22, 1974, to purchase the Skagit Inn Restaurant in Mount Vernon. The restaurant, later known as the Maple Leaf Three, had a class H liquor license. The agreement provided in substance that Williams would put up certain property as collateral for a bank loan to assist Burrus in purchasing the business. The agreement also was to the effect that the business was to be in Burrus' name and Burrus alone would apply for a transfer of the liquor license without revealing Williams' interest in the business. At the time, Williams was known to be unacceptable to the Washington State Liquor Control Board as a licensee.

Following a trial to the court, the trial court found that

the Defendant Richard Burrus or Plaintiff and Defendant making a joint application would in all probability have not received a Class H license if disclosure had been made of the foregoing partnership agreement or financial

interest of the Plaintiff. The Court further finds the Plaintiff and Defendants entered into the partnership agreement dated March 22, 1974, for an illegal purpose to conceal the interest of the Plaintiff Paul Williams in the purchase of the business and exposing the name of Defendant Richard Burrus as the sole owner, knowing at the time that the identity of Plaintiff Paul Williams as a partner, co-owner, or investor would in all probability cause a rejection by the liquor board of the application for the Class H liquor license. The Court further finds that this concealment was a joint effort on the part of Plaintiff and Defendants to enter into an illegal relationship for an illegal purpose and accordingly finds the partnership of Plaintiff and Defendants to be an illegal partnership.

Finding of fact No. 3 (part).

The trial court then concluded that the agreement between the parties being illegal was unenforceable and dismissed the complaint of the plaintiff Williams.

One central issue is presented.

## ISSUE

Did the trial court err in refusing to grant the plaintiff any relief?

## DECISION

CONCLUSION. Courts will not assist in the dissolution of an illegal partnership or entertain an action for an accounting or distribution of its assets. The trial court's decision was not erroneous.

██ Where, as here, no error is assigned to the findings of fact, our review is limited to determining whether the challenged conclusions of law are supported by the findings. *Jordin v. Vauthiers,* 89 Wn.2d 725, 728, 575 P.2d 709 (1978).

No state retail liquor license of any kind can be issued to a partnership unless all of the members thereof are qualified to obtain a license, and no licenseholder can allow any other person to use such a license. RCW 66.24.010(1), RCW 66.24.010(2)(d). *See* WAC 314–12–010; WAC 314–12–090.

Furthermore, a partnership is dissolved by any event which makes it unlawful for the business of the partnership to be carried on or for the members to carry it on in partnership. RCW 25.04.310(3).

The issue of illegality may be raised at any time. *Waring v. Lobdell,* 63 Wn.2d 532, 533–34, 387 P.2d 979 (1964).

Under the general rule that the courts will not aid either party to an illegal agreement where a partnership is formed to carry out an illegal business or to conduct a lawful business in an illegal manner, the courts will refuse to aid any of the parties thereto in an action against the other. *Brower v. Johnson,* 56 Wn.2d 321, 324–25, 352 P.2d 814 (1960); 59 Am. Jur. 2d *Partnership* § 24 (1971); 68 C.J.S. *Partnership* § 7 (1950). The present case is not one wherein the promise sued upon is only remotely or collaterally related to the illegal transaction and not illegal in and of itself. *See Sherwood & Roberts–Yakima, Inc. v. Cohan,* 2 Wn. App. 703, 710–17, 469 P.2d 574 (1970) and cases therein discussed. The trial court did not err in deciding as it did.

■■ Plaintiff's further claim that the trial court erred in refusing his request to reopen the case in order to present additional evidence is likewise not well taken. Such a motion is addressed to the sound discretion of the trial court. *Rogers Walla Walla, Inc. v. Ballard,* 16 Wn. App. 81, 90, 553 P.2d 1372 (1976). The proffered evidence was that the defendant had taken an inconsistent position, that the contract was not illegal, at an administrative hearing before the Liquor Control Board. Such evidence was cumulative only and the trial court did not abuse its discretion by denying the motion to reopen. *Rogers Walla Walla, Inc. v. Ballard, supra.* On that same basis, the plaintiff was not entitled to a new trial on the ground that such evidence constituted newly discovered evidence. *Simpson Timber Co. v. Ljutic Indus., Inc.,* 1 Wn. App. 631, 638–39, 463 P.2d 243 (1969).

498

Affirmed.

JAMES and WILLIAMS, JJ., concur.