## 36541. SULLIVAN v. THE STATE.

Marshall, Justice.

The defendant appeals from his convictions of aggravated assault and murder, and his concurrent five-year and life sentences. The sole error enumerated is the denial of the appellant's motion challenging the array of the grand jury, which motion was filed after the return of the indictment and 30 minutes prior to the trial.

"A challenge to the array of grand jurors is waived unless timely filed. As stated in *Sanders v. State,* 235 Ga. 425 [(219 SE2d 768) (1975) (cert. den. 425 U. S. 976 (96 SC 2177, 48 LE2d 800) (1976))]: 'In order for such a motion to be entertained by the trial court, it must be

made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived. *Estes v. State,* 232 Ga. 703, 708 (208 SE2d 806) (1974). Accord, *McHan v. State,* 232 Ga. 470, 471 (2) (207 SE2d 457) (1974); *Simmons v. State,* 226 Ga. 110, 111 (1a) (172 SE2d 680) (1970); *Williams v. State,* 210 Ga. 665, 667 (82 SE2d 217) (1954).'" *Tennon v. State,* 235 Ga. 594 (1) (220 SE2d 914) (1975); *Hamby v. State,* 243 Ga. 339 (1) (253 SE2d 759) (1979).

The appellant complains that a pre-indictment challenge to the array was impossible because neither he nor his counsel knew before the indictment was returned that the incompetent grand juror[1] was serving on the grand jury which indicted him. He argues furthermore that, under the cases of *Reich v. State,* 53 Ga. 73 (1874) and *Cobb v. State,* 218 Ga. 10 (3) (126 SE2d 231) (1962), a plea in abatement filed on or before arraignment is also a proper method of challenging the array. The appellant concedes that his motion was not made at the calendar call, as required by the court rules, but contends that this did not constitute arraignment, because no plea was entered at that time, no jurors were present, and, immediately after the appellant's challenge to the grand jury was made, the state proceeded to formally arraign him.

The record shows that the appellant's counsel was retained at least one week prior to indictment; that he presumed that the Crawford County Grand Jury then in session would indict the appellant; that he came to Crawford County one week prior to indictment and discussed the question of bond with the trial judge, but apparently made no effort to learn who was on the grand jury; that about one week prior to calendar call he was given a copy of the indictment, which showed on its face that a Mr. Cochran, known to him to be a member of the county board of education, was one of the grand jurors; and that under the local court rule all pre-trial motions were to be filed by calendar call. The above shows that counsel had both actual and constructive knowledge of the composition of the grand jury so as to be able to file an objection thereto prior to the indictment.

Regarding the appellant's contention that he was nevertheless entitled to challenge the array by a plea in abatement at or before

---

[1]Mr. Robert L. Cochran, a member of the Crawford County Board of Education, who was incompetent to serve on the grand jury under the provisions of Code § 59-201.

arraignment under *Reich v. State,* 53 Ga. 73, supra, and *Cobb v. State,* 218 Ga. 10 (3), supra, although these cases appear to make this an unconditional right, they have been construed to apply only where there has been no opportunity to raise the objection before the indictment was found. See *Parris v. State,* 125 Ga. 777 (4) (54 SE 751) (1906); *Thomas v. State,* 239 Ga. 734 (1) (238 SE2d 888) (1977); *Hamby v. State,* 243 Ga. 339, supra, p. 340 (1), citing *Scott v. State,* 121 Ga. App. 458 (1) (174 SE2d 243) (1970). Furthermore, it does not appear that the challenge could not have been made at the calendar call, regardless of whether that be considered to have been arraignment. "Georgia law requires that objection to the composition of the grand jury be made at the earliest practical opportunity. [Cits.]" *Thomas v. State,* 239 Ga. 734, supra, p. 735 (1).

It was not error to deny the motion challenging the array.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 8, 1980 — DECIDED SEPTEMBER 24, 1980.

*G. F. Peterman, III,* for appellant.

*W. Don Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.