[No. 8967–6–I.   Division One.   April 21, 1982.]

CAROLE L. ROSS, *Respondent,* v. ROBERT C. PEARSON, *Appellant.*

CAROLE L. PEARSON, *Respondent,* v. ROBERT C. PEARSON, *Appellant.*

*Olwell, Boyle & Hattrup* and *Clinton H. Hattrup,* for appellant.

*Robert Beezer,* for respondent.

CORBETT, J.—Robert C. Pearson appeals (1) the judgment awarding his former wife an undivided one–half interest in disability insurance benefits which were not specifically disposed of in their decree of dissolution, (2) denial of his motion for reconsideration or new trial and motion for leave to reopen, and (3) denial of his CR 60(b)(11)

motion for relief with respect to the decree of dissolution.

The parties were married on October 23, 1953. In the late 1960's, Pearson contracted for disability insurance coverage with Crown Life Insurance Company (Crown), and Safeco Life Insurance Company (Safeco). On February 5, 1971, the parties executed a community property agreement providing that "all property . . . now owned or hereafter acquired by them or either of them . . . is hereby declared to be community property." On October 26, 1974, Pearson suffered personal injuries rendering him permanently disabled. He received monthly payments of $483.70 from Crown and $250 from Safeco prior to the entry of the decree of dissolution and thereafter. To keep the Crown policy in effect, Pearson has paid a premium of $12.96 each month. The Safeco policy has a waiver of premium clause.

The parties' marriage was dissolved on August 16, 1977. On July 16, 1979, respondent Carole L. Ross, Pearson's former wife, filed an amended complaint for declaration of her right to receive one–half of the disability insurance benefits. In his answer, Pearson admitted that the findings and decree of dissolution made no specific provision for disposition of the disability insurance payments, but alleged as an affirmative defense that at the time of the decree, the disability insurance payments were his separate property and had been so considered by the trial court, and that Ross' action was barred by laches.

The trial court found that the dissolution judge had made no disposition of the Crown or Safeco policies. It concluded that the benefits were community property, each party owning an undivided one–half interest in those benefits as tenants in common. Ross was awarded judgment representing her one–half interest in the payments Pearson had received since entry of the decree of dissolution, less credit for premium payments made by him. She was also granted a declaratory judgment against Pearson as to one–half of the Crown and Safeco benefits to be received by Pearson in the future.

As a general rule, if the court does not dispose of

community property in a decree of divorce, rights to such undistributed property vest equally in the spouses as tenants in common by operation of law. *Chase v. Chase,* 74 Wn.2d 253, 257–58, 444 P.2d 145 (1968).

> More particularly, if the right to insurance proceeds has accrued through payment of premiums with community funds, and the decree of divorce is silent as to their disposition, a tenancy in common in the insurance policies or the avails therefrom is thereby created.

(Citations omitted.) *Id.* at 258. The trial court properly characterized the Safeco and Crown policies as community property. At the time of dissolution, the right to disability payments had vested in the community, subject only to an offset for the premium payments to Crown. RCW 26.16.140, dealing with earnings and accumulations of a husband and wife living apart, does not convert income from a community disability policy into separate income, as argued by Pearson. Nor does the payment of premiums to maintain the policy in force change its character from community to separate. The disability insurance is a matter of contract. The nonassignability clause and failure to have a waiver of premium clause in the Crown policy do not extinguish the property rights of the nondisabled spouse.

Pearson contends that the dissolution judge was aware of his disability benefits and impliedly awarded the disability income to him by denying the prayer for maintenance of the couple's daughter. Neither the findings and conclusions nor the decree mention the disability insurance proceeds. The trial court's finding that Pearson has a duty to support his nonminor daughter but that "he is not financially in the position at this time to contribute to such care and support and thus no award to that effect is made at this time," does not constitute an implied award of the disability income. If the property rights of the parties are not brought before the court in some appropriate manner, such rights are not, and cannot, be affected by the decree. *Ambrose v. Moore,* 46 Wash. 463, 465, 90 P. 588 (1907). There must be sufficient specificity in decrees of dissolution

to identify the assets and their disposition; the requisite specificity is not present if an asset is not even mentioned. *Yeats v. Estate of Yeats*, 90 Wn.2d 201, 205, 580 P.2d 617 (1978).

Pearson contends further that he detrimentally relied upon Ross' failure to assert any claim to the disability payments by using the payments to support himself and his family. He also argues that Ross' action should be barred by laches due to her failure to make a claim within 1 year of the decree, thereby depriving him of an opportunity to bring a motion under CR 60(b)(1). The trial court concluded:

> The court has made no findings of fact as to the defenses of waiver, laches and estoppel and the evidence does not support them.

Waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. *Peste v. Peste*, 1 Wn. App. 19, 24, 459 P.2d 70 (1969). Laches is the inexcusable delay in asserting a legal right. *Edison Oyster Co. v. Pioneer Oyster Co.*, 22 Wn.2d 616, 628, 157 P.2d 302 (1945). The elements of equitable estoppel are:

> (1) [A]cts, statements, or admissions inconsistent with a claim subsequently asserted, (2) action or change of position on the part of the other party in reliance upon such acts, statements, or admissions, and (3) a resulting injustice to such other party, if the first party is allowed to contradict or repudiate his former acts, statements, or admissions.

*Witzel v. Tena*, 48 Wn.2d 628, 632, 295 P.2d 1115 (1956). Pearson does not bring our attention to any evidence which would support these theories. The trial court did not err in its failure to find waiver, laches or estoppel.

Pearson cites as error the trial court's refusal to reconsider its judgment or to permit him to reopen. The additional evidence upon which the motion to reopen was predicated consisted of Pearson's affidavit stating that the disability payments "have been and continue to be abso-

lutely essential to his maintenance," and that he and his new wife could not have purchased their home except for the disability payments. A motion to reopen is addressed to the sound discretion of the trial court. *Williams v. Burrus,* 20 Wn. App. 494, 497, 581 P.2d 164 (1978). Because such evidence was essentially cumulative to that which was presented at trial, the trial court did not abuse its discretion by refusing to reconsider or reopen.

Pearson also sought to modify the original divorce decree under CR 60(b)(11) more than 1 year after the entry of judgment. The court's denial of that motion has been consolidated with his appeal from the court's decision in Ross' new action for the purpose of this appeal.

CR 60(b) provides, in pertinent part:

> **(b)** . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
> . . .
> (11) Any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken.

Pearson asserts that "by inadvertence" the dissolution judge was not asked to make an award of disability payments. Inadvertence does not constitute an "other reason" within CR 60(b)(11). Inadvertence is grounds for a CR 60(b)(1) motion, which was not brought and could not be asserted more than 1 year after entry of judgment. *See Bergren v. Adams County,* 8 Wn. App. 853, 857, 509 P.2d 661 (1973). The declaratory judgment action was the proper means by which to seek distribution of the undisposed assets. *See In re Marriage of Molvik,* 31 Wn. App. 133, 135–36, 639 P.2d 238 (1982).

Affirmed.

ANDERSEN, C.J., and JAMES, J., concur.

Reconsideration denied May 26, 1982.

Review denied by Supreme Court September 13, 1982.