## 65309. PHILLIPS v. THE STATE.

SOGNIER, Judge.

This appeal involves two separate trials of appellant, after a severance was granted pursuant to motion. In his first trial appellant was convicted of burglary and violation of the Georgia Controlled Substances Act by possessing Ethchlorvynol (Placidyl). At his second trial the following day appellant was convicted of possession of a firearm by a convicted felon. The appeal from both trials was combined. Appellant contends the trial court erred (1) by denying motions to suppress in both trials; (2) by denying a plea in abatement in each trial; (3) by denying motions for a directed verdict of acquittal in each trial; (4) by failing to declare a mistrial in appellant's first trial after the prosecuting attorney commented improperly on appellant's character when appellant had not testified; (5) by admitting two state exhibits into evidence when a proper chain of custody was not shown; and (6) by denying appellant's motion to sever certain counts in the indictment.

Sometime during the day of November 13, 1981 the home of Peter and Betty Geer was burglarized while they were at work. Police were alerted to be on the lookout for a white Dodge van, and when appellant was seen driving such a van he was stopped. The police advised appellant they were investigating a burglary and obtained his consent to search the van. Although nothing from the burglary was found, a bottle of Placidyl tablets was found in the glove compartment. Appellant and Vicki Carlisle, a passenger, were arrested and the van was moved at appellant's request to the residence of a friend about 75 yards away. The van was locked and the keys were returned to appellant. After a blood alcohol test, which was negative, appellant was taken to jail and confined. The sheriff and two deputies then went to appellant's house and drove into the driveway to the rear of the house. They got out of the car and on approaching the back porch observed a riding lawn mower and a bicycle similar to ones stolen from the Geers. A washing machine on the back porch was opened and a bag of suspected marijuana was found; the officers then looked in the windows of the house and observed several items similar to those taken from the Geers. A search warrant was obtained and several items stolen from the Geers were found in the house. After completing the search of the house a wrecker was called and the van was removed, without a warrant, to a parking lot at the sheriff's office. The lot was unfenced and unsecured, and two days later Vicki Carlisle was found in the van. She was removed from the van and later the same day, two deputies forced open a window in the van, unlocked it, and searched the van.

Two ceramic ducks stolen from the Geers were found, as well as another bottle of Placidyl tablets, two valium tablets and two revolvers.

1.a. Appellant contends the initial warrantless search of his house and premises was unlawful and, therefore, it was error to deny his motion to suppress items found in that search and the subsequent search of his house with a warrant.

It is the general rule that a warrant is required to search the curtilage, and the yard immediately surrounding one's dwelling is well within the curtilage. *Black v. State,* 119 Ga. App. 855, 857 (2) (168 SE2d 916) (1969); *Kelley v. State,* 146 Ga. App. 179, 183 (IIA) (245 SE2d 872) (1978). The state acknowledges that the sheriff and his deputies had insufficient evidence (no probable cause) to obtain a search warrant when they first went to appellant's house, but argues that a police officer is not required to have probable cause to investigate a complaint of illegal activity in progress. This argument is without merit because there was no criminal activity "in progress," since the burglary under investigation had occurred several hours earlier. Further, appellant's van had been searched and there was nothing to connect him with the burglary when the sheriff and his deputies drove onto appellant's premises. Even assuming they had probable cause to search appellant's premises it is elementary that probable cause, however well founded, can provide no justification for a warrantless intrusion of a person's home absent a showing "that the exigencies of the situation made that course imperative." Coolidge v. New Hampshire, 403 U. S. 443, 455 (91 SC 2022, 29 LE2d 564); *Clare v. State,* 135 Ga. App. 281, 284 (2) (217 SE2d 638) (1975). Since appellant was in jail, lived alone, and would have no opportunity to remove any fruits of the crime, there were no exigent circumstances which would justify a warrantless search of his premises. Neither can discovery of the items in the back yard be justified under the plain view doctrine, because the discovery of evidence in plain view must occur while the police are in a place in which they are authorized to be, and the discovery must be inadvertent. Coolidge, supra at 468-469. Not only were the sheriff and his deputies not authorized to be on appellant's premises, *Black,* supra, but the items were not in plain view and their discovery was not inadvertent, as none of the items could be seen from the street.

Under a warrantless search and seizure the burden of proving that the search and seizure was lawful is upon the state. OCGA § 17-5-30 (b) (Code Ann. § 27-313); *Merritt v. State,* 133 Ga. App. 956, 957 (1) (213 SE2d 84) (1975). The state has not met its burden of demonstrating the presence of exigent circumstances and has presented no other evidence to justify or authorize the intrusion onto

appellant's premises. Accordingly, it was error to deny appellant's motion to suppress all evidence found at appellant's premises, as the initial illegal intrusion tainted all evidence obtained as a result thereof. Wong Sun v. United States, 371 U. S. 471, 484-485 (83 SC 407, 9 LE2d 441); *Clare,* supra.

b. Appellant also contends it was error to deny his motion to suppress evidence found in his van when it was searched two days after being unlawfully impounded at the sheriff's office. He argues that the sheriff had no authority to remove the van without a warrant from the private residence where it was parked and, thus, evidence obtained in the subsequent search of his van was tainted.

Cases supporting a state's right to impound a vehicle are founded on a doctrine of necessity, and when a driver is arrested and a friend is present, authorized and capable of safely removing the vehicle, the rationale for an inventory search does not exist. *State v. Ludvicek,* 147 Ga. App. 784, 786 (250 SE2d 503) (1978). Since appellant's friend was present, authorized and capable of moving the van and it was, in fact, moved to private property with the consent of the deputy sheriffs, the rationale for impounding and inventorying the contents of the van did not exist. Unless the rationale for an inventory search inheres in the decision to seize and inventory, the impoundment itself may be unreasonable and the resulting inventory search invalid. *State v. Thomason,* 153 Ga. App. 345, 349 (3) (265 SE2d 312) (1980). Under the circumstances of the instant case there was no necessity for impounding the van appellant was driving to protect it and its contents, and no inventory was necessary since the van had been searched with appellant's consent, and the deputies were aware of its contents.

The state argues that the van was impounded to compare tire track impressions, and also argues that because a controlled substance was found in the van it was subject to forfeiture under the provisions of OCGA § 16-13-49 (Code Ann. § 79A-828). We do not question the authority of law enforcement officials to take tire track impressions for comparison purposes when they have probable cause to believe a vehicle was used in the commission of a crime. However, any probable cause to seize the van arose as a direct result of the illegal intrusion onto appellant's premises, since the van had been searched and no fruits of the burglary were found therein. Under the holding in Wong Sun, supra, all evidence obtained as a result of the illegal intrusion is inadmissible. We note parenthetically that although the van was allegedly seized to make tire track comparisons, no action was ever taken to effect this purpose.

As to the van being subject to forfeiture, it is subject to forefeiture only when it is used to hold or conceal controlled

substances for the purpose of sale or receipt, and the van could only be seized upon process issued by a court having jurisdiction over the property. OCGA § 16-13-49 (b) (Code Ann. § 79A-828). Again, we note that no action has been taken to have the van forfeited under this statute. Thus, no valid reason existed for seizure of the van without a warrant, Coolidge, *Clare,* supra, and any evidence flowing from the illegal seizure was inadmissible. Wong Sun, supra. Accordingly, it was error to deny appellant's motion to suppress items seized in the van on November 15, 1981.

2. Count III of the indictment in appellant's first trial charged him with possession of Ethchlorvynol (Placidyl) tablets found in the consent search of his van at the time of his arrest. He alleges it was error to admit into evidence those tablets and the tablets found in the van two days later because the lab expert analyzed tablets from only one bottle, and was unaware that the two bottles came from two separate searches. This contention is without merit.

Although the bottles were found in two separate searches, they were contained in one bag when delivered to the crime lab. The lab expert testified that the tablets in both bottles were identical and, therefore, he tested a tablet from only one of the two bottles. Appellant argues that because the state could not establish which bottle was seized on November 13th and which bottle was seized on November 15th the state did not establish a chain of custody. Since it is not disputed that both bottles were seized from appellant's van and the lab expert testified the tablets were identical, it is immaterial which bottle was seized on the 13th and which was seized on the 15th. The material fact is that they were seized from appellant's van and were properly before the lab expert for examination. The only burden on the state is to show with reasonable certainty that the evidence examined is the same as that seized and that there has been no tampering or substitution. *Johnson v. State,* 143 Ga. App. 169, 170 (1) (237 SE2d 681) (1977); *Patterson v. State,* 224 Ga. 197, 199 (2) (160 SE2d 815) (1968). The state met this burden, and it was not error to admit the exhibits. Any confusion about the exhibits goes to its weight, not its admissibility, as the Georgia rule is that if the admissibility of evidence is doubtful, it should be admitted and its weight and effect should be left to the jury. *Felker v. State,* 144 Ga. App. 458, 459 (2) (241 SE2d 576) (1978).

Since the bottles were found in appellant's van it was not error to deny his motion for a directed verdict of acquittal as to possession of Ethchlorvynol, as the evidence did not demand such a verdict as a matter of law. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978).

3. Appellant contends it was error to deny his plea in abatement

because the foreperson of the grand jury which returned the indictment against him was within the degree of consanguinity (sixth degree) prohibited by OCGA § 15-12-70 (Code Ann. § 59-212). (The sister of the foreperson's husband was formerly married to appellant.) Without considering the effect of the sister's divorce from appellant prior to his indictment, the relationship of a grand juror within the sixth degree to a party interested in the result of the case affords no ground for a plea of abatement to the indictment. *Farrar v. State,* 187 Ga. 401, 403 (1) (200 SE 803) (1939); *Williams v. State,* 107 Ga. App. 794, 796 (1) (131 SE2d 567) (1963).

4. During closing argument in appellant's first trial, after relating a story about an Alabama attorney who told a trial judge the defendants were the sorriest bunch of people he had ever seen, the prosecuting attorney stated that "if the defendant tries to tell you that a juvenile girl possessed these drugs, how sorry do you have to be?" Appellant's objection to this comment was sustained, the prosecuting attorney was rebuked immediately by the court and the jury was told to disregard the comment. Appellant's motion for a mistrial based on the prosecuting attorney's remark was denied, and appellant contends denial of his motion was error.

A trial court has broad discretion in passing on motions for a mistrial, and its ruling will not be disturbed by the appellate courts absent a manifest abuse of discretion. *Clark v. State,* 159 Ga. App. 136, 137 (1) (282 SE2d 752) (1981). "Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error." *Bradham v. State,* 148 Ga. App. 89, 94-95 (8) (250 SE2d 801) (1978). Although we do not condone the remarks made to the jury, the trial court took immediate and proper corrective action. See OCGA § 17-8-75 (Code Ann. § 81-1009). Hence, we find no abuse of discretion in denying appellant's motion for a mistrial.

5. In view of our decision in Divisions 1 and 2 of this opinion the remaining enumerations of error are moot.

*Judgment affirmed as to possession of Ethchlorvynol. Judgment reversed as to burglary and possession of a firearm by a convicted felon. Quillian, P. J., and Pope, J., concur.*

Decided July 1, 1983.

*Kenneth Gordon,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert S. Ogletree,*

*Assistant District Attorney,* for appellee.

