[No. 7425-7-II. Division Two. December 12, 1985.]

RICK LEWIS KAHLER, *Appellant,* v. STEVEN T. KERNES, ET AL, *Respondents.*

---

*Craig A. Ritchie* and *Doherty, Doherty & Ritchie,* for appellant.

*David Bruneau, Prosecuting Attorney,* and *Christopher Melly, Deputy,* for respondents.

WORSWICK, C.J.—Richard Kahler appeals a superior court order forfeiting his truck to the State under the Uniform Controlled Substances Act, RCW 69.50. We reverse.

An undercover narcotics agent, posing as a drug user, enlisted Kahler to find him cocaine suppliers. Between June 17 and July 18, 1983, Kahler acted as go–between for the agent and several cocaine dealers. Kahler twice used his pickup truck to drive the agent to dealers' houses where the agent bought cocaine. Once, the agent and a cocaine dealer exchanged drugs and money in Kahler's parked truck. On July 18, 1983, officers of the Clallam County Sheriff's Office seized Kahler's truck pursuant to a superior court warrant.

Kahler sued the Sheriff's Office in superior court,[1] alleg-

---

[1]RCW 69.50.505(e) provides that owners of vehicles seized for violation of the

ing that the officers had unlawfully seized and converted his truck. The case was tried on stipulated facts. The court held that RCW 69.50.505 authorized the seizure and forfeiture of Kahler's truck and entered an order accordingly.

Kahler's contention here is that RCW 69.50.505 simply does not apply to his truck. He admits he used it to facilitate drug sales, but contends that it is not forfeitable because he never used it to transport a controlled substance. The State agrees that the truck was not used to transport drugs, but contends that the statute applies because the truck transported a drug buyer to the sites of several drug transactions.

The relevant statute, RCW 69.50.505(a)(4), provides:

The following are subject to seizure and forfeiture:

. . .

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraphs (1) or (2) [controlled substances], . . .

No Washington case has dealt with this language, and cases from other state courts are no help.[2] Moreover, apart from

Uniform Controlled Substances Act may request a hearing before the seizing agency. If the vehicle is worth more than $500, the owner may remove the matter to superior court. When Kahler filed his action in superior court, he did not allege that his truck was worth more than $500. However, we need not consider whether this failure is fatal to Kahler's claim because the sheriff's office conceded at oral argument that the truck is worth far more than $500.

[2]All 50 states have adopted the Uniform Controlled Substances Act in some form. *See* RCWA 69.50 table, at 397–98 (1985). However, interpretations of the act's forfeiture provisions vary greatly. *Compare, e.g., Phillips v. State,* 167 Ga. App. 260, 305 S.E.2d 918 (1983) (vehicle subject to forfeiture if used to hold or conceal controlled substances for purpose of sale or receipt) *with Cardenas v. State,* 583 S.W.2d 825 (Tex. Civ. App. 1979) (vehicle subject to forfeiture only if used to transport or facilitate transportation of drugs). Further, most decisions depend in part upon special state statutes or constitutional provisions. *See, e.g., Amrani–Khaldi v. State,* 575 S.W.2d 667 (Tex. Civ. App. 1978) (Texas forfeiture statute requires government to prove its case beyond a reasonable doubt); *State v. Manuel,* 426 So. 2d 140 (La. 1983) (state constitution restricts forfeiture).

general commentary on the uniform act,[3] there is no legislative history. We are left with principles of statutory construction, English grammar[4] and common sense. Of these tools, we get no help from the first,[5] a little from the second and most from the third.

Kahler argues that the statutory language, "transport" and "facilitate the transportation," refers directly to controlled substances. Thus, the statute subjects to forfeiture only those vehicles actually used to transport, or to facilitate the transportation of, controlled substances. The State contends that the verb "transport" and verb clause "facilitate the transportation" have no direct object, and that the key phrase is "for the purpose of sale or receipt of [controlled substances]." The State argues that, under this grammatical interpretation, what the vehicle transports is irrelevant, as long as it is used to further a drug transaction. Thus, argues the State, Kahler's truck is subject to forfeiture because it transported the narcotics agent for the purpose of enabling him to buy cocaine.

■■ The State's interpretation is technically plausible; "transport" and "facilitate the transportation" indeed have no direct object as the statute is punctuated. In order to make "property" (controlled substances) their direct object, the drafters would have had to insert a comma after "receipt," and another comma between "of" and "property." However, this interpretation is no more reasonable than that urged by Kahler. The lack of a comma may well be due to carelessness rather than choice. If, as the State suggests, the drafters did not intend to restrict operation of the statute to vehicles used to transport drugs, they could

---

[3]See 9 U.L.A. 188 (Master ed. 1979).

[4]See Quinlan v. University Place Sch. Dist. 83, 34 Wn. App. 260, 660 P.2d 329 (1983).

[5]These principles are well stated in Bellevue Fire Fighters Local 1604 v. Bellevue, 100 Wn.2d 748, 675 P.2d 592 (1984) and Department of Transp. v. State Employees' Ins. Bd., 97 Wn.2d 454, 645 P.2d 1076 (1982), but help us not at all.

have said so plainly. As written, the statute is ambiguous.

The State argues that reference to the federal model, 21 U.S.C. § 881, demonstrates that our statute applies to Kahler's truck. The State contends that the federal courts have applied the forfeiture provision of the federal Controlled Substances Act to vehicles used solely to transport people to the site of drug transactions. *See United States v. One 1979 Mercury Cougar XR–7*, 666 F.2d 228 (5th Cir. 1982); *United States v. One 1977 Cadillac Coupe DeVille*, 644 F.2d 500 (5th Cir. 1981); *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421 (2d Cir. 1977); *United States v. One 1976 Buick Skylark*, 453 F. Supp. 639 (D. Colo. 1978). It correctly notes that the Uniform Controlled Substances Act is based on the federal Controlled Substances Act, Pub. L. No. 91–513, 21 U.S.C.A. § 801 *et seq.* (1970). *See* 9 U.L.A. 188 (Master ed. 1979) (uniform act's purpose is to achieve uniformity between state and federal drug laws, and to provide an interlocking trellis of laws dealing with drug abuse). The State argues that we should give RCW 69.50.505 the same meaning as 21 U.S.C. § 881. We are not persuaded.

The State's argument, correct as far as it goes, has a fatal flaw. The language in the federal statute is different. 21 U.S.C. § 881(a)(4) subjects to forfeiture

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, *sale, receipt, possession, or concealment* of property [controlled substances] . . .

(Italics ours.) This statute is far broader than RCW 69.50-.505(a)(4). It reaches vehicles used to facilitate the sale, receipt, possession, or concealment of property regardless of whether they are used to transport anything.

The federal cases relied on by the State depend on that part of the federal statute missing in our state version. In each of those cases, the court held that the vehicle had been used to facilitate the transportation *or sale* of controlled substances. *See, e.g., One 1979 Mercury Cougar XR–7; One*

*1977 Cadillac Coupe DeVille.* Facilitating sale of a controlled substance does not subject a vehicle to forfeiture under our statute. Interpretations of 21 U.S.C. § 881(a)(4) do not help in interpreting RCW 69.50.505(a)(4).

In sum, our statute is reasonably susceptible of at least two meanings. As it is a penal statute, although civil in form, we must adopt the interpretation most favorable to Kahler. *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 14 L. Ed. 2d 170, 85 S. Ct. 1246 (1965); *see also Jordin v. Vauthiers,* 89 Wn.2d 725, 575 P.2d 709 (1978); *State v. Gore,* 101 Wn.2d 481, 681 P.2d 227, 39 A.L.R.4th 975 (1984); *State v. Sayler,* 36 Wn. App. 230, 673 P.2d 870 (1983). That meaning is that vehicles are subject to forfeiture only if used, or intended for use, to transport or facilitate the transportation of controlled substances. The statute does not apply to Kahler's truck.

Reversed.

PETRICH and ALEXANDER, JJ., concur.