A89A1683. SOWERS v. THE STATE.
(390 SE2d 110)

BEASLEY, Judge.
Defendant Traci Sowers appeals her conviction of selling marijuana in violation of OCGA § 16-13-30. Defendant contends that the trial court erred: in denying her motion to reveal the identity of a confidential informant; in denying her motion for new trial on the grounds that the grand jury which returned her indictment was tainted and the evidence was insufficient to sustain her conviction.

1. Prior to trial, at the hearing on defendant's motion to disclose the identity of a confidential informant, the district attorney produced the following account. Deloach, an undercover G.B.I. special agent, was conducting an investigation of narcotics in Fannin County. On May 14, 1987, he and an informant entered the "Hot Spot" package store. The informant approached a white female known to him as Tracey Pless and asked if she still had a "quarter ounce of reefer." Pless reached under the counter and produced a paper bag. The in-

formant told her Deloach had the money and that the quarter ounce would cost $30. Deloach picked up the bag, which held a plastic bag containing a leafy material "suspected as marijuana," and handed Pless $30. He asked if she could get a quarter pound of marijuana. She said she could do so the next day and it would cost $325. Deloach agreed to the price.

Defendant pointed out that she was not Tracey Pless but Traci Sowers. She claimed she did not sell marijuana to Deloach, and this was a case of mistaken identity. She contended that the informant was critical to her defense; that the informant was present at the scene of the offense and was a participant by negotiating the price; that his testimony would bear upon identity of the perpetrator as not being herself; that his motive in pointing out defendant might have been malicious; and that the failure to disclose the informant's identity would prejudice the defense.

During the trial Deloach testified that the package store he and the informant visited had a sign at that time which read: "Hot Spot." He identified a photo of the Right of Way Shop as the store. Every other witness who mentioned a package store referred to it as the "Right of Way" and stated that there was no package store named "Hot Spot." Deloach also testified that at the point the informant said Deloach was the "guy that has the money," informant left to go to the rest room and took no further part in the transaction. He positively named defendant as the person who sold him the marijuana.

*Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957), and *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977), provide the basic concepts applicable to the government's privilege to withhold from disclosure the identity of a confidential informant. *Moore v. State*, 187 Ga. App. 387, 388 (2) (370 SE2d 511) (1988), synthesized the principles derived from those cases and their progeny into a formula for balancing the interests of the government and those of the defendant on a case-by-case basis. It dealt specifically with the situation where a police officer positively identifies defendant as the culprit, defendant denies involvement, and the sole remaining witness is an undisclosed confidential informant. In such case, the informant is the only one in a "position to amplify or contradict the testimony" of the defendant and the officer. The solution is an in-camera proceeding described in *Moore* to determine whether the nondisclosure of the informant's identity was harmless error. *Ponder v. State*, 191 Ga. App. 346 (381 SE2d 534) (1989); *Jones v. State*, 192 Ga. App. 186 (384 SE2d 273) (1989).

There are two State versions of how the sale transpired. During the hearing the State conceded that the informant was present during the course of events but contended that he was not an active participant. The hearing version pictured the informant introducing the par-

ticipants to the sale and stating what the price would be. The G.B.I. agent's account at trial had the informant absent when the price and other details were discussed and the money and marijuana exchanged.

The focus of the defense was to undermine the credibility of the agent and refute the accuracy of his identification. Under either of the State's versions a vital factor would be whether defendant was the individual to whom the informant introduced Deloach. An in-camera hearing would ascertain whether defendant was harmed by the absence of the informant's testimony as to the events.

The case must be remanded for post-trial proceedings in conformity with *Moore*, supra.

2. Defendant asserts that the district attorney's father was a member of the grand jury which indicted her, tainting the indictment and requiring a new trial. OCGA § 15-12-70.

Two legal principles apply. First, the disqualification of a grand juror propter affectum, that is, for bias or prejudice (Black's Law Dictionary (4th ed.)), does not afford grounds for the dismissal of the charge or the grant of a new trial even though the parties were ignorant of the defect until after verdict. *Bitting v. State*, 165 Ga. 55, 60 (2) (139 SE 877) (1927); *Davis v. State*, 72 Ga. App. 347, 350 (33 SE2d 728) (1945). Accord *Betts v. State*, 66 Ga. 508, 515 (6) (1881); *Farrar v. State*, 187 Ga. 401, 403 (1) (200 SE 803) (1939); *Hall v. State*, 7 Ga. App. 115, 117 (1) (66 SE 390) (1909); *Mitchell v. State*, 69 Ga. App. 771, 776 (3) (26 SE2d 663) (1943); *Williams v. State*, 107 Ga. App. 794, 796 (1) (131 SE2d 567) (1963); *Phillips v. State*, 167 Ga. App. 260, 264 (3) (305 SE2d 918) (1983). Second, the issue of disqualification of a juror should have been raised prior to indictment or at the earliest practical opportunity thereafter. *Mydell v. State*, 238 Ga. 450 (233 SE2d 199) (1977); *Thomas v. State*, 239 Ga. 734, 735 (1) (238 SE2d 888) (1977); *Sullivan v. State*, 246 Ga. 426, 428 (271 SE2d 823) (1980).

Defendant contends that she was ignorant of the grand juror's relationship to the prosecutor before indictment but fails to show why the subject was not offered until motion for new trial. The ground was not timely raised, not having been asserted at the earliest practical opportunity. Besides, the relief she sought, a new trial, would not have cured the defect she claimed, and it would not have furnished a basis for dismissal of the charges against her. *Sullivan*, supra; *Farrar*, supra; *Mitchell*, supra.

3. Although there were conflicts in the evidence and credibility issues, a rational trier of fact could have found proof of defendant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed in part and reversed in part; case remanded with direction for further proceedings. Carley, C. J., and McMurray,*

P. J., concur.

DECIDED JANUARY 10, 1990.

Robert L. Ferguson, for appellant.
Roger G. Queen, District Attorney, J. L. Floyd, Assistant District Attorney, for appellee.