[No. 52592-7. En Banc. July 10, 1986.]

JOHN DEETER, *Respondent,* v. LYLE SMITH, ET AL, *Appellants.*

*William H. Griffies, Prosecuting Attorney, Barbara L. Corey–Boulet* and *Chris Quinn–Brintnall, Deputies,* and *Kathleen Proctor, Assistant Deputy,* for appellants.

*Samuel J. Allotta,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

This is an automobile forfeiture proceeding brought in Pierce County pursuant to the seizure and forfeiture provisions of this state's Uniform Controlled Substances Act.[1] The trial court ordered the automobile returned to the owner, John Deeter. Pierce County and Lyle Smith, its sheriff, appeal.

In criminal proceedings brought against the defendant John Deeter for unlawful possession of a controlled substance with intent to deliver, the trial court found his arrest and the police seizure of controlled substances on his person and in his automobile to be unlawful. The trial court then ordered this evidence suppressed and dismissed the criminal charge against him.

In the appeal before us, which is from a separate proceeding brought to forfeit Mr. Deeter's automobile, neither the Sheriff nor the County cite legal authority supporting the validity of the arrest, or of the search or the seizure of the controlled substances. In this posture of the case, we deem it unnecessary to further discuss the facts because, like the trial court, we also conclude that the arrest and the search and seizure of the controlled substances were invalid.

One principal issue is thus presented.

---

[1]RCW 69.50.505.

ISSUE

Does the Fourth Amendment exclusionary rule apply in an automobile forfeiture proceeding brought under this state's version of the Uniform Controlled Substances Act, RCW 69.50.505?

DECISION

CONCLUSION. Since this automobile forfeiture proceeding is quasi criminal in nature, the Fourth Amendment exclusionary rule applies and the Sheriff and County cannot rely on illegally obtained evidence to sustain the forfeiture. Accordingly, we affirm the trial court's order requiring that Mr. Deeter's automobile be returned to him.

In *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 700–02, 14 L. Ed. 2d 170, 85 S. Ct. 1246 (1965), the United States Supreme Court held that the Fourth Amendment exclusionary rule applies not only to criminal proceedings, but also to those forfeiture proceedings which are quasi criminal in character. That case also indicated that a forfeiture proceeding is quasi criminal if it is intended to impose a penalty on an individual for a violation of the criminal law.

The vehicle forfeiture provisions of this state's Uniform Controlled Substances Act are contained in former RCW 69.50.505(a)(4) which provides:

(a) The following are subject to seizure and forfeiture:

. . .

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of [illegal controlled substances] . . .

Clearly then, forfeiture proceedings brought pursuant to this statute are quasi criminal in nature since their purpose is to penalize individuals who participate in the illegal transportation of controlled substances.[2] Numerous other courts have held that the Fourth Amendment exclusionary

---

[2]*See Kahler v. Kernes*, 42 Wn. App. 303, 308, 711 P.2d 1043 (1985).

rule is applicable to vehicle forfeiture proceedings of this kind.[3] Accordingly, we likewise apply the exclusionary rule to the vehicle forfeiture case before us.

In this vehicle forfeiture proceeding, the Sheriff and County are thus prohibited from using as evidence the controlled substances which were illegally seized from Mr. Deeter's person and automobile. Lacking such evidence, the County cannot in this case show that Mr. Deeter used his automobile for the purposes described in the forfeiture statute (RCW 69.50.505(a)(4)). We hold that Mr. Deeter's automobile may not be forfeited and must be returned to him as ordered by the trial court.

By our decision herein, however, the Sheriff and the County are not required to return the controlled substances which were also seized[4] since public policy expressly forbids Mr. Deeter's possession of such contraband.[5]

Two other issues may be disposed of more briefly.

First, the trial court erroneously held that Mr. Deeter could reclaim his automobile at the forfeiture proceeding by merely proving that he was the registered owner of the vehicle. The trial court based its decision on the following provision of RCW 69.50.505(e):

> The seizing law enforcement agency shall promptly return the article or articles to the claimant upon a determination by the administrative law judge or court that the claimant is the present lawful owner or is lawfully entitled to possession thereof . . .

This statutory provision must be construed in light of the

---

[3]*See, e.g., United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 448 (9th Cir. 1983), *cert. denied sub nom. Webb v. United States,* 464 U.S. 1071, 79 L. Ed. 2d 217, 104 S. Ct. 981 (1984); *Vance v. United States,* 676 F.2d 183, 188 (5th Cir. 1982); *Commonwealth v. Nine Hundred & Ninety–Two Dollars,* 383 Mass. 764, 765 n.2, 422 N.E.2d 767 (1981).

[4]*See* RCW 69.50.505(a)(1).

[5]*See One 1958 Plymouth Sedan,* at 699.

forfeiture statute as a whole.[6] When so construed, it is apparent that the claimant of an automobile may be deemed its "lawful owner", and thus entitled to possession thereof, only if the automobile is not forfeitable pursuant to the state's vehicle forfeiture provisions.[7]

 Finally, the trial court properly held that Mr. Deeter is not entitled to attorneys' fees. The forfeiture statute allows an award of attorneys' fees only "[i]n a court hearing between two or more claimants to the article or articles involved". RCW 69.50.505(e) (part). A reading of this statute makes it clear that the word "claimants" therein does not include the seizing law enforcement agency or municipality seeking forfeiture of the vehicle. Thus, Mr. Deeter was the sole "claimant" to the automobile and is not entitled to attorneys' fees under this statute.

Our decision upholding the trial court's order requiring that Mr. Deeter's vehicle be returned to him, for the reasons stated, renders it unnecessary to address the other issues raised on appeal.

Affirmed.

DOLLIVER, C.J., BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., and HAMILTON, J. Pro Tem., concur.

---

[6]*State v. Parker,* 97 Wn.2d 737, 741, 649 P.2d 637 (1982).

[7]RCW 69.50.505(a)(4) *et seq.*