[Nos. 13778–6–I; 13779–4–I.   Division One.   May 20, 1987.]

JACK E. IRWIN, SR., ET AL, *Appellants,* v. LARRY
MOUNT, *Respondent.*

*William Johnston,* for appellants.

*David S. McEachran, Prosecuting Attorney,* and *Martha Gross, Deputy,* for respondent.

RINGOLD, A.C.J.—At a bench trial, Jack E. Irwin, Sr., and Jack E. Irwin, Jr., were found guilty of several violations of the Uniform Controlled Substances Act, RCW 69.50. Their convictions were affirmed by this court in *State v. Irwin,* 43 Wn. App. 553, 718 P.2d 826, *review denied,* 106 Wn.2d 1009 (1986). Pursuant to RCW 69.50.505, Larry Mount, the Whatcom County Sheriff, seized property and money allegedly used by the Irwins in their drug trafficking business. The Irwins appeal the trial court's orders of forfeiture, claiming that former RCW 69.50.505 violates the due process clauses of the Fifth and Fourteenth Amendments and Const. art. 1, § 22 (amend. 10).

The Whatcom County Sheriff's Department notified the Irwins that several items of property were seized which the Sheriff had probable cause to believe were used in the Irwins' drug trafficking business. The Irwins elected pursuant to RCW 69.50.505(e) to have a forfeiture hearing in superior court.

The judge at the forfeiture hearing was the same judge who had conducted the Irwins' bench trial. At the forfeiture hearing the Irwins introduced the State's applications for authorization to tape–record conversations and presented testimony from their trial regarding police searches and seizures. The Irwins then made a motion to dismiss the forfeiture proceedings, because the property the Sheriff sought forfeited was seized in violation of the Irwins' Fourth Amendment rights. In affirming their convictions, this court found no violations of the Irwins' Fourth Amendment rights. *State v. Irwin, supra.*

The hearing judge denied the motion to dismiss and

entered an order of forfeiture. The judge stated that the Irwins offered no testimony and failed to meet their burden of proof pursuant to RCW 69.50.505. Both of the Irwins appealed and their cases have been consolidated.

The Irwins contend that RCW 69.50.505 violates due process, because it places the burden upon them to come forward with evidence to avoid forfeiture. The Sheriff first responds by arguing that the Irwins failed to specifically raise this issue before the lower court and should be precluded from raising it on appeal.

The Sheriff relies upon *Aripa v. Department of Social & Health Servs.*, 91 Wn.2d 135, 141, 588 P.2d 185 (1978), which states:

> We have consistently held that except for cases involving denial of fundamental constitutional rights in criminal trials or contentions which affect jurisdiction of the court, constitutional issues not presented to or considered by the trial court will not be considered on appeal.

(Citations omitted.)

RCW 69.50.505 is a penal statute although civil in form. *Kahler v. Kernes*, 42 Wn. App. 303, 308, 711 P.2d 1043 (1985). In *Deeter v. Smith*, 106 Wn.2d 376, 378, 721 P.2d 519 (1986), the court held that forfeiture proceedings brought under RCW 69.50.505 "are quasi criminal in nature since their purpose is to penalize individuals who participate in the illegal transportation of controlled substances." Accordingly, the Supreme Court applied the exclusionary rule to these types of cases. *Deeter*, at 378. For similar reasons this court addresses the merits of the Irwins' appeal, because it concerns the alleged denial of fundamental constitutional rights. *Cf. Deeter.*

The Irwins contend that RCW 69.50.505(b)(4) puts an unconstitutional burden upon the claimants to present evidence that the items the Sheriff sought to forfeit were not subject to forfeiture under the statute. As the party challenging the constitutionality of a statute, the Irwins have the burden to demonstrate its invalidity beyond a reasonable doubt. *Hontz v. State*, 105 Wn.2d 302, 306, 714 P.2d

1176 (1986).

RCW 69.50.505(b) provides in relevant part:

Property subject to forfeiture under this chapter may be seized by any board inspector or law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. Seizure without process may be made if:

(1) The seizure is incident to . . . a search under a search warrant . . .;

. . .

(4) The board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

This portion of the forfeiture statute was upheld in *Crape v. Mount,* 32 Wn. App. 567, 648 P.2d 481, *review denied,* 98 Wn.2d 1008 (1982). Seizure based upon probable cause is constitutionally sound, because the claimant is afforded post seizure notice and an opportunity to be heard. *Mount; see also State v. Matheason,* 84 Wn.2d 130, 524 P.2d 388 (1974). The Sheriff properly seized the subject property pursuant to a valid search warrant. Then the Sheriff, pursuant to RCW 69.50.505(c),[1] notified the Irwins, as persons possibly having an interest in the property, of his intention to forfeit the property.

The Irwins argue that RCW 69.50.505(b)(4) shifts the burden of proof to them at the subsequent hearing. There is no basis to infer this from the language of the provision, because it makes no reference to the subsequent hearing. RCW 69.50.505(e) governs the procedures to be used at a

---

[1]RCW 69.50.505(c) provides:

"In the event of seizure pursuant to subsection (b), proceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure on the owner of the property seized and the person in charge thereof and any person having any known right or interest therein, of the seizure and intended forfeiture of the seized property. The notice may be served by any method authorized by law or court rule including but not limited to service by certified mail with return receipt requested. Service by mail shall be deemed complete upon mailing within the fifteen day period following the seizure."

forfeiture hearing under this statute, and it provides in pertinent part:

> The hearing shall be before the chief law enforcement officer of the seizing agency or the chief law enforcement officer's designee, . . . except that any person asserting a claim or right may remove the matter to a court of competent jurisdiction if the aggregate value of the article or articles involved is more than five hundred dollars. . . . In a court hearing between two or more claimants to the article or articles involved, the prevailing party shall be entitled to a judgment for costs and reasonable attorney's fees. *The burden of producing evidence shall be upon the person claiming to be the lawful owner or the person claiming to have the lawful right to possession of items specified in subsection (a)(4) or (a)(7) of this section.* The seizing law enforcement agency shall promptly return the article or articles to the claimant upon a determination by the administrative law judge or court that the claimant is the present lawful owner or is lawfully entitled to possession thereof of items specified in subsection (a)(4) or (a)(7) of this section.

(Italics ours.)

From this section it is evident that the initial burden is upon the claimant to show a lawful interest in the subject property. The danger of false claims in forfeiture proceedings under this statute is substantial. *See Baker v. United States,* 722 F.2d 517, 519 (9th Cir. 1983). The federal courts have upheld as constitutional the requirement that a claimant show "standing" (*i.e.,* an ownership interest) before contesting forfeiture. *United States v. Four Million, Two Hundred Fifty–Five Thousand,* 762 F.2d 895, 907 (11th Cir. 1985), *cert. denied,* 474 U.S. 1056, 88 L. Ed. 2d 772, 106 S. Ct. 795 (1986). We adopt the reasoning of the federal court.

The Irwins failed to provide any evidence that they owned the property subject to forfeiture. Thus, the trial court did not err by ordering forfeiture. *See* 762 F.2d at 907. Because the Irwins failed to show an ownership interest in the forfeited property, we need not decide what the proper burden of proof is at the next stage of the hearing.

The Sheriff has requested attorney fees on appeal. The forfeiture statute allows an award of attorney fees only after an adjudication "between two or more claimants to the article or articles involved . . ." RCW 69.50.505(e). The word "claimants" does not include the seizing law enforcement agency. *Deeter,* at 380. Thus, the Sheriff is not entitled to attorney fees. *Deeter,* at 380; *see also Smith v. Mount,* 45 Wn. App. 623, 630, 726 P.2d 474 (1986).

The forfeiture is affirmed.

SWANSON and WEBSTER, JJ., concur.

Review denied by Supreme Court September 1, 1987.