UNITED STATES of America, Plaintiff,

v.

**163.25 ACRES OF LAND, MORE OR LESS, SITUATED IN GRAVES COUNTY, KENTUCKY, Defendant.**

Civ. A. No. 85–0298–P(J).

United States District Court,
W.D. Kentucky,
Paducah Division.

July 15, 1987.

Joseph Whittle, U.S. Atty., R. Kent Westberry, Asst. U.S. Atty., Louisville, Ky., for plaintiff.

Allen Holbrook, Jesse Mountjoy, Holbrook, Gary, Wible & Sullivan, Owensboro, Ky., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This case is before the court on motion of claimants Jessie Riley and Mary Sue Riley (the Rileys) for attorneys fees and other expenses. Jurisdiction exists under 28 U.S.C. Sects. 1331, 2412.

---

A complaint for forfeiture in rem of the tract of land at issue in this case was filed by the government in September 1985, pursuant to 28 U.S.C. Sects. 1345, 1445, 1356, 1395, and 21 U.S.C. Sect. 881(a)(7). According to the complaint, the subject property was allegedly used to facilitate the commission of a crime, namely the cultivation of marijuana. Landowners Jessie and Mary Sue Riley responded by filing a notice of claim to the property, pursuant to Rule C(6), SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS.

In April 1986, Eugene Riley was indicted and charged with growing marijuana on the subject property. Jessie and Mary Sue Riley, the property owners, were not indicted. Despite Eugene Riley's acquittal on July 3, 1986, the government elected to continue these civil forfeiture proceedings against landowners Jessie and Mary Sue Riley. This action was later dismissed, on motion of the government, by court order dated November 12, 1986.

Jessie and Mary Sue Riley now seek recovery of attorneys fees and other fees and costs expended in defending this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. Sect. 2412(d)(1). That section provides as follows:

> A court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Claimants state that as prevailing parties, they are entitled to a recovery of fees, because the government was not substantially justified in pursuing the forfeiture action against them. The government does not dispute that Jessie and Mary Sue Riley are "prevailing parties" within the meaning of the statute. In fact, a "prevailing party" has been defined as "one who has received substantially the relief requested or has been successful on the central issue." *United States v. Certain Real Property Located at 4880 S.E. Dixie Highway*, 628 F.Supp. 1467, 1469 (S.D.Fla.1986). Since this action was voluntarily dismissed in favor of the Rileys, the court finds them to have received the relief they requested and that they are prevailing parties.

The real dispute in this case, however, centers on whether the government was "substantially justified" in pursuing this action against the Rileys.

The government bears the burden of showing that its position in pursuing this action against the Rileys was substantially justified. *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir.1984). The government's burden is a "strong one and not met merely because the government adduces 'some evidence' in support of its position." *Russell v. Heckler*, 814 F.2d 148, 153 (3rd Cir.1987). Rather, a position is considered substantially justified when it has *"more than a reasonable basis in law and fact"* and is "firmly grounded or solidly based in law and fact." *Riddle v. Secretary of Health and Human Services*, 817 F.2d 1238 (6th Cir.1987).

The Rileys' defense to the government's claims in this action was based on the "innocent owner" exception to the forfeiture statute, 21 U.S.C. Sect. 881(a)(7). That section provides that no property will be forfeited:

> to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The government, however, did not consider the acquittal of Eugene Riley to constitute sufficient evidence that the Rileys were innocent owners, and continues to contend that, despite the eventual dismissal of this action, the Rileys did not meet their burden of proving such.

The court notes that following its initial investigation, the government produced no evidence to indicate the involvement of Jessie and Mary Sue Riley with any criminal activities. No criminal charges were filed against them and throughout the criminal proceedings against Eugene Riley, the government produced absolutely no evi-

dence that Jessie and Mary Sue Riley knew the marijuana was growing on their property. In fact, this very issue was discussed on several occasions during the civil and criminal proceedings.

The court disagrees with the government's contention that Jessie and Mary Sue Riley did not meet the burden of disassociating themselves from the criminal activity, so as to fall within the "innocent owner" exception. Quite to the contrary, the government never produced any evidence for the Rileys to rebut.

■ Although the government may have been substantially justified in its initial investigation against the Rileys, the court finds no substantial justification for continuing this litigation after the initial filing of the complaint. Furthermore, the court finds that the government's actions in pursuing this claim following the acquittal of Eugene Riley and absent additional evidence against the Rileys, were unreasonable and bordering on bad faith.

Claimants seek $9,462.50 in attorney's fees for services rendered by the law firm of Holbrook, Gary, Wible & Sullivan, P.S.C. In addition, claimants seek $5,000 paid as a retainer to their initial attorney, Benjamin Lookofsky, and $4,100 expended on a survey of the property at issue. Finally, claimants seek $120 for an affidavit executed by the law firm of Neely and Brien. The government does not object to any of the fees and costs sought by the claimants.

Having reviewed the record and the detailed itemization of claimants' legal expenses, the court finds that claimants may recover all the expenses except the $4,100 survey fee, which the court finds attributable to Eugene Riley, and the $5,000 retainer fee paid to attorney Lookofsky. There is no indication in the record that the latter fee was used for anything more than initially retaining the services of attorney Lookofsky, and the court notes that most of claimants' legal services were provided by attorneys Holbrook and Mountjoy. Therefore, claimants shall recover a total

of $9,582.50 in attorneys fees and other costs accrued in defending this action.