982 P.2d 668 (1999)
97 Wash.App. 98
DUWAMISH VALLEY NEIGHBORHOOD PRESERVATION COALITION, Appellants,
v.
CENTRAL PUGET SOUND GROWTH MANAGEMENT HEARINGS BOARD; Bruce and Linda Buckles; Alvin Banks; King County; Citizens for Graceful Growth; the Quadrant Corporation; and City of Redmond, Respondents.
No. 41523-9-I.
Court of Appeals of Washington, Division 1.
August 23, 1999.
David A. Bricklin, Bricklin & Gendler, Stephen J. Frederickson, Columbia Legal Services, Seattle, for Appellants.
Marjorie A. Smitch, Olympia, Cheryl D. Carlson, Seattle, for Respondents.
ELLINGTON, J.
At issue in this appeal is the adequacy of the public notice and review provided when King County, as part of its comprehensive plan and zoning amendments, changed the land use designation of a 0.9-acre parcel of land, known as the Spencer Industries property, from residential to R-4 Residential Potential I Industrial zoning. The Duwamish Valley Neighborhood Preservation Coalition (the Coalition) challenged the change, but was ultimately unsuccessful before the Central Puget Sound Growth Management Hearings Board (the Board) and the King County Superior Court. The Coalition challenges the sufficiency of the County's compliance with the public participation requirements of the Growth Management Act (GMA), RCW 36.70A, the Board's refusal to permit the Coalition to supplement the record with evidence in response to the County's allegation that it mailed notice of the hearing to nearby property owners, and the Board's determination that the Coalition lacked standing to raise an issue regarding the County's compliance with the State Environmental Policy Act (SEPA). The Coalition also argues that the zoning change is inconsistent with Seattle's plans for an adjacent urban village, and violates the GMA's goal of preserving affordable housing.
We find that the Board acted arbitrarily and capriciously by refusing to allow the Coalition to supplement the record with its rebuttal evidence. Accordingly, we reverse the Board and remand the matter with directions that the Board permit supplementation of the record with the Coalition's evidence regarding the adequacy of the County's mailed notice, and for a redetermination by the Board, based on the supplemented record, as to whether the *669 County complied with the GMA's public participation requirements. We affirm the Board's decision in all other respects. We deny the Coalition's request for an award of fees against the Board.
We publish only the section of this opinion relating to attorney fees.
Attorney fees
The Coalition seeks an award of attorney fees against the Board, not the County, under RCW 4.84.350. That statute directs a court to award attorney fees to a "qualified party that prevails in a judicial review of an agency action," unless the court finds "that the agency action was substantially justified or that circumstances make an award unjust."[1] The Board argues that RCW 4.84.350 does not apply to a decision of a purely adjudicatory body such as itself, rendered in the course of an adjudicatory proceeding. We agree.
In In re Perry,[2] the court addressed whether the Equal Access to Justice Act (EAJA),[3] authorized an award of attorney fees against the Occupational Safety and Health Review Commission, a purely adjudicative governmental entity. EAJA contains language similar to Washington's statute.[4] The court held that EAJA did not authorize an award of attorney fees against a purely adjudicative agency because when a litigant seeks judicial review of such an agency's decision, the agency is only a nominal party, not charged with defending the correctness of the decision, and is without policymaking authority.[5]
Similarly, in S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n,[6] the Review Commission was only a nominal party on judicial review. The court determined that the Commission's role with respect to the court's review was analogous to the role of a district court in its relation to a case on appeal. Thus, the court concluded, "[i]t would be manifestly inappropriate for [the Commission] to bear a portion of the expenses of the appeal."[7] The court used the "special circumstances make the award unjust" exception to EAJA to deny an award of attorney fees against the Commission.
We agree with the reasoning of the courts in these cases. The County, not the Board, is the Coalition's adversary. The Board was acting as an adjudicative body, and is but a nominal party in the judicial proceedings. To award fees against it would be akin to awarding fees against the trial court when an appellate court reverses its decision, and would be inappropriate.
Affirmed. The balance of this opinion has no precedential value and will not be published, but will be filed for public record pursuant to RCW 2.06.040.
WEBSTER, J., and BECKER, J., concur.
NOTES
[1] The statute reads: "Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust." RCW 4.84.350.
[2] 882 F.2d 534 (1st Cir.1989).
[3] 28 USC § 2412(d)(1)(A).
[4] EAJA provides: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A).
[5] In re Perry, 882 F.2d at 545.
[6] 672 F.2d 426 (5th Cir.1982).
[7] S & H Riggers, 672 F.2d at 429.