42 P.3d 456 (2002)
110 Wash.App. 714
Eugene MOEN, Claimant, Respondent,
v.
SPOKANE CITY POLICE DEPARTMENT, Seizing Agency, Appellant.
No. 20067-1-III.
Court of Appeals of Washington, Division 3, Panel Seven.
March 19, 2002.
*458 Michael F. Connelly, Rebecca L. Stewart, Spokane City Attorney's Office, Spokane, WA, Appellant.
Paul B. Mack, Attorney at Law, Spokane, WA, Respondent.
*457 SCHULTHEIS, J.
Eugene Moen successfully challenged the civil forfeiture of a 2000 Ford Taurus seized by the Spokane Police Department. The trial court awarded him reasonable attorney fees pursuant to RCW 4.84.350, more commonly known as the Equal Access to Justice Act (EAJA). On appeal, the Department contends the civil forfeiture statute, RCW 69.50.505, prohibits the award of attorney fees to individual claimants, and as a more specific statute, is controlling here. We find that the EAJA does not conflict with the civil forfeiture statute, and affirm.

FACTS
In February 2000, Spokane police officers arrested Mr. Moen's son, Peter Moen, for delivery and possession of controlled substances. The Department seized Peter's new Ford Taurus pursuant to the drug forfeiture laws, RCW 69.50.505. Notice of the seizure was delivered to Peter in the county jail. In early March 2000, both Peter and Mr. Moen sent letters to the Department claiming ownership of the car. The Department responded by sending notice to Peter and his attorney that it would hold a seizure and forfeiture hearing on May 31, 2000. No notice of the impending hearing was sent to Mr. Moen. When Mr. Moen had not received notice within the 90-day period prescribed by RCW 69.50.505(e), his attorney contacted the Department and demanded release of the car. Although the Department acknowledged it had overlooked Mr. Moen's claim of ownership and had not timely held a hearing on that claim as required by RCW 69.50.505(e), it refused to release the vehicle.
Mr. Moen filed a petition for review in superior court. On December 19, 2000, the trial court granted his motion for summary judgment and returned the car to Mr. Moen. Statutory attorney fees and costs were awarded at that time. Mr. Moen then moved for reasonable attorney fees pursuant to the EAJA, RCW 4.84.350. Following a hearing and consideration of additional evidence, the trial court granted the motion and awarded Mr. Moen attorney fees in the sum of $5,595. The Department now appeals, contending (1) the EAJA conflicts with the civil forfeiture act's prohibition of attorney fees to individual claimants; and (2) the EAJA is not applicable because the forfeiture was a purely adjudicatory decision that was substantially justified.

DISCUSSION
The sole issue on appeal is whether a successful claimant in a review of a civil forfeiture proceeding is entitled to attorney fees. The Department contends former RCW 69.50.505(e) (1993) prohibits an award of fees and costs to an individual claimant. Additionally, the Department argues that the EAJA's attorney fees provision conflicts with the civil forfeiture act, which, as the more specific provision on attorney fees, should control here. In re Estate of Kerr, 134 Wash.2d 328, 343, 949 P.2d 810 (1998). We review an award of fees under the EAJA for abuse of discretion. Alpine Lakes Prot. Soc'y v. Dep't of Natural Resources, 102 Wash.App. 1, 19, 979 P.2d 929 (1999).
Former RCW 69.50.505(e) (1993) set forth the procedure for the civil forfeiture hearing and review of the decision in court. The only mention of attorney fees was as follows: "[i]n a court hearing between two or more claimants to the article or articles involved, the prevailing party shall be entitled to a judgment for costs and reasonable attorney's fees." Former RCW 69.50.505(e) (1993). *459 Washington courts have held that "claimants" does not include the seizing law enforcement agency. Bruett v. Real Prop. Known as 18328 11th Ave. N.E., 93 Wash. App. 290, 303, 968 P.2d 913 (1998) (citing Deeter v. Smith, 106 Wash.2d 376, 380, 721 P.2d 519 (1986)). Consequently, when an individual claimant prevailed in a review of a forfeiture action, that individual was not entitled to attorney fees. Id. RCW 69.50.505 was amended by Laws of 2001, ch. 168, § 1, effective July 22, 2001. In a new section, attorney fees are authorized as follows:
In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant. In addition, in a court hearing between two or more claimants to the article or articles involved, the prevailing party is entitled to a judgment for costs and reasonable attorneys' fees.
RCW 69.50.505(f). Mr. Moen's civil forfeiture action and review were completed before the amendment to RCW 69.50.505 was enacted. However, the new provision for attorney fees to a prevailing claimant is a significant indication of legislative intent.
The EAJA, adopted in 1995 and codified in RCW 4.84.340-.360, exhibits the Legislature's desire that individuals and small business concerns have recourse to defend against improper agency actions:
The legislature finds that certain individuals, smaller partnerships, smaller corporations, and other organizations may be deterred from seeking review of or defending against an unreasonable agency action because of the expense involved in securing the vindication of their rights in administrative proceedings.... The legislature therefore adopts this equal access to justice act to ensure that these parties have a greater opportunity to defend themselves from inappropriate state agency actions and to protect their rights.
Laws of 1995, ch. 403, § 901.
The EAJA's attorney fees provision directs that "[e]xcept as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust." RCW 4.84.350(1). A qualified individual is a person whose net worth does not exceed $1 million. RCW 4.84.340(5). Agency is defined in part as a state department or officer authorized by law to make rules or to conduct adjudicative proceedings. RCW 4.84.340(1). This definition of agency is identical to the definition found in the Administrative Procedure Act at RCW 34.05.010(2). Further, under the Administrative Procedure Act, attorney fees and other ancillary relief are recoverable only to the extent that they are expressly authorized by another statute. RCW 34.05.574(3). All hearings and appeals under the civil forfeiture laws must comply with the Administrative Procedure Act. RCW 69.50.505(e).
The trial court found that the reference to attorney fees in the civil forfeiture statute, former RCW 69.50.505(e) (1993), did not conflict with the attorney fees provision in the EAJA, RCW 4.84.350(1). Our fundamental objective in construing statutes is to ascertain and carry out the intent of the Legislature. Rozner v. City of Bellevue, 116 Wash.2d 342, 347, 804 P.2d 24 (1991). Each provision of a statute should be read together with related provisions so as to achieve a harmonious statutory scheme that maintains the integrity of the respective statutes. State v. Chapman, 140 Wash.2d 436, 448, 998 P.2d 282, cert. denied, 531 U.S. 984, 121 S.Ct. 438, 148 L.Ed.2d 444 (2000). A more specific statute will supercede a general statute, but only if the two statutes pertain to the same subject matter and cannot be harmonized. Kerr, 134 Wash.2d at 343, 949 P.2d 810. "The maxim of express mention and implicit exclusion should not be used to defeat legislative intent." Id. On the contrary, later amendments to a statute may be strong evidence of what the Legislature intended in the original statute. Waggoner v. Ace Hardware Corp., 134 Wash.2d 748, 755, 953 P.2d 88 (1998).
The Department first contends former RCW 69.50.505(e) and the EAJA do not pertain to the same subject matter because *460 the Department is not an agency under the terms of the EAJA. Washington courts have held that the EAJA does not authorize an award of attorney fees against a "purely adjudicative agency," such as the Occupational Safety and Health Review Commission. Duwamish Valley Neighborhood Pres. Coalition v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 97 Wash.App. 98, 100, 982 P.2d 668 (1999). The test determining what is a purely adjudicative agency is whether the agency is only a nominal party on review, not charged with defending the correctness of its decision. Id. (citing In re Perry, 882 F.2d 534, 545 (1st Cir.1989)). A purely adjudicative agency also has no policy-making authority. Id. In this case, the Department is the policymaker and adjudicator. It is more than a nominal party on review and is definitely charged with defending the correctness of its civil forfeiture decision. Further, as the trial court noted, the Department stands to gain financially from the outcome of the civil forfeiture, and therefore is an interested party. The Department is clearly an agency for the purposes of the EAJA.
That said, the next question is whether the failure to authorize attorney fees in former RCW 69.50.505(e) (1993) can be harmonized with the attorney fees provided by the EAJA. Contrary to the Department's assertion, former RCW 69.50.505(e) (1993) does not prohibit attorney fees to individual claimants, it merely does not provide for them. The Department contends attorney fees for individual claimants would undermine the Legislature's intent to defray the enormous costs of drug investigations. While it is true that the Legislature enacted the civil forfeiture provisions to deter drug crime by removing some of its profit incentive (see Laws of 1989, ch. 271, § 211), successful appeals of wrongful seizures and forfeitures do not impede that intent. And the fact that the Legislature amended RCW 69.50.505 to provide for attorney fees to any claimant who substantially prevails in a civil forfeiture proceeding indicates that the Legislature is sensitive to the public's concern for accountability when a civil forfeiture is insupportable. RCW 69.50.505(f).
Before RCW 69.50.505(f) was enacted in July 2001, the EAJA authorized attorney fees for the successful party who contested an agency action such as a civil forfeiture. Because the EAJA does not conflict with a specific prohibition against attorney fees in former RCW 69.50.505(e) (1993), and because the legislative intent that is revealed in the amendment to the civil forfeiture statute harmonizes with the purpose of the EAJA, the trial court correctly ruled that Mr. Moen was entitled to attorney fees under the EAJA.
Even so, the Department argues, attorney fees were not appropriate here because the Department's action was substantially justified, RCW 4.84.350(1). Substantially justified means justified to a degree that would satisfy a reasonable person. Plum Creek Timber Co. v. Wash. State Forest Practices Appeals Bd., 99 Wash.App. 579, 595, 993 P.2d 287 (2000). Again, we review the trial court's decision for abuse of discretion. Id. The trial court found that the seizure and forfeiture were not justified because the Department failed to give Mr. Moen notice and unlawfully sought forfeiture when the predicate crime was only misdemeanor possession of marijuana. RCW 69.50.505(a)(4)(iii); RCW 69.50.401(e) (the five grams of marijuana seized in this case did not amount to more than a misdemeanor). On the basis of this record, we cannot say that the trial court abused its discretion.

ATTORNEY FEES
Mr. Moen requests attorney fees on appeal pursuant to the EAJA. He also contends he is entitled to fees for defending against a frivolous appeal, citing RCW 4.84.185 and RAP 18.9(a). The Department's issues are not so devoid of merit as to constitute a frivolous appeal. Presidential Estates Apartment Assocs. v. Barrett, 129 Wash.2d 320, 329-30, 917 P.2d 100 (1996). However, Mr. Moen is entitled to reasonable attorney fees pursuant to RCW 4.84.350(1) and RAP 18.1, provided he complies with RAP 18.1(d).
Affirmed.
KURTZ, C.J., and KATO, J., concur.