195 P.3d 90 (2008)
Jose GUILLEN, City of Sunnyside, Respondents,
v.
Lorena CONTRERAS, guardian of Jesus Jaime Torres, Jr., Appellants.
No. 26432-7-III.
Court of Appeals of Washington, Division 3.
November 4, 2008.
Todd V. Harms, Attorney at Law, Richland, WA, for Appellants.
Mark Allen Kunkler, Attorney at Law, Sunnyside, WA, for Respondents.
*91 KORSMO., J.
¶ 1 This is an appeal about attorney fees. Claimants prevailed on some of the issues they raised in a forfeiture proceeding, but recovered only a small portion of the value they sought to gain. The trial court declined to award attorney fees to the claimants. Believing that the phrase "substantially prevails" should not have two different meanings in the same context, we affirm the trial court's ruling.

FACTS
¶ 2 The relevant facts relate largely to procedural matters and are not disputed. In the course of investigating a drug-related shooting on June 28, 2005, the Sunnyside Police Department seized $9,342 in cash found on deceased Jesus Jaime Torres's person, $57,990 in cash found in a package on a loveseat in the living room where the drug transaction occurred, and a 1997 BMW automobile that Mr. Torres drove to the transaction scene. Mr. Torres's family filed a claim with the department for the return of the property.[1] See RCW 69.50.505(5). The municipal court decided that the vehicle and all of the money would be forfeited to the department.
¶ 3 The family filed an appeal with the Yakima County Superior Court. The family advanced four theories for the return of three articles of property. The primary theory was that the innocent owner defense applied to all property seized. Second, the family asserted that the department had not met its burden of proof that the $9,342 was forfeitable under RCW 69.50.505. The third theory was that seizure and forfeiture of the $57,990 was the result of an unlawful search. Lastly, the family contended that forfeiture of the $57,990 was flawed due to lack of proper notice or due process.
¶ 4 The superior court held in favor of the family on two issues: (1) the department did not meet its burden of proof as to the $9,342 and (2) the family was an innocent owner of the BMW. It therefore ordered the return of the $9,342 and the 1997 BMW automobile to the family. The superior court held that the family failed in their claim for the $57,990 because any right to the cash had been relinquished to another prior to death. The superior court reserved the issue of attorney fees for further briefing.
¶ 5 The family submitted a demand for attorney fees under RCW 69.50.505(6). The department expressly indicated that it had no objection to the amount of attorney fees. Counsel argued that the recovery of the car and the $9,342 in cash constituted relief on a significant issue. In denying attorney fees, the court struggled with the meaning of the statute's language that permits the recovery of attorney fees "where the claimant substantially prevails." RCW 69.50.505(6). The court ruled: "I'm looking at the totality of the circumstances, the overall picture, and saying that you haven't shown that he's substantially prevailed, whatever that means." (Emphasis added.) Reconsideration was also denied.
¶ 6 The family petitioned to this court for discretionary review on the substantive forfeiture issues. That petition was denied. The family then petitioned on the attorney fee issue, which was granted by our Commissioner under RAP 2.3(d)(3), as it raises an issue involving the public interest and it is also one of first impression with regard to interpretation of the language in RCW 69.50.505(6).

DISCUSSION
¶ 7 The determination of whether a statute provides for an award of fees "is a question of law and is reviewed de novo." Lindsay v. Pac. Topsoils, Inc., 129 Wash. App. 672, 684, 120 P.3d 102 (2005), review denied, 157 Wash.2d 1011, 139 P.3d 349 *92 (2006); see also Cosmopolitan Eng'g Group, Inc. v. Ondeo Degremont, Inc., 159 Wash.2d 292, 298, 149 P.3d 666 (2006) ("Statutory interpretation is a question of law, subject to de novo review."); State v. Dearbone, 125 Wash.2d 173, 178-179, 883 P.2d 303 (1994) (holding that whether a statute applies to a particular set of facts is a question of law that we review de novo). Washington follows the "American Rule" that a prevailing party does not generally recover its attorney fees unless expressly authorized by statute, by agreement of the parties, or upon a recognized equitable ground. Panorama Vill. Condo. Owners Ass'n Bd. v. Allstate Ins. Co., 144 Wash.2d 130, 143, 26 P.3d 910 (2001). "Statutory fee-shifting provisions have been enacted by the Legislature in numerous instances to encourage enforcement of public policy goals.... Attorney fee awards are essential to encouraging private enforcement of key social policies." PHILIP A. TALMADGE AND MARK V. JORDAN, ATTORNEY FEES IN WASHINGTON, at 35 (2007). One such public policy goal is to award fees to a claimant seeking the return of property wrongfully seized by a law enforcement agency pursuant to RCW 69.50.505, the seizure and forfeiture provision of the Uniform Controlled Substances Act. Moen v. Spokane City Police Dep't, 110 Wash.App. 714, 718-721, 42 P.3d 456 (2002).
¶ 8 The family sought fees under RCW 69.50.505(6), which provides:
In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant. In addition, in a court hearing between two or more claimants to the article or articles involved, the prevailing party is entitled to a judgment for costs and reasonable attorneys' fees.
The term "claimants" in the second sentence of this statute does not pertain to the seizing law enforcement agency. Deeter v. Smith, 106 Wash.2d 376, 380, 721 P.2d 519 (1986); Irwin v. Mount, 47 Wash.App. 749, 754, 737 P.2d 277, review denied, 108 Wash.2d 1031 (1987). The department may not, therefore, recover attorney fees as a prevailing party when a claimant is unsuccessful in the recovery of seized property. Irwin, 47 Wash.App. at 754, 737 P.2d 277. But the family in this case is a claimant under the statute.
¶ 9 As this court has held, a statute that makes a party "entitled" to attorney fees is mandatory rather than discretionary as to whether fees should be allowed. Farm Credit Bank v. Tucker, 62 Wash.App. 196, 207, 813 P.2d 619, review denied, 118 Wash.2d 1001, 822 P.2d 287 (1991). "The only discretion is to the amount." Id. (citing Singleton v. Frost, 108 Wash.2d 723, 729-730, 742 P.2d 1224 (1987)). The family must be awarded fees, therefore, if they substantially prevailed in the action. We next must decide what "substantially prevails" means.
¶ 10 The family, citing out-of-state authority and the policy of our statute, contends a claimant who obtains some relief in a forfeiture proceeding is a substantially prevailing party. This argument, however, ignores extensive Washington precedent to the contrary. We do not believe that the Legislature intended that the phrase "substantially prevailing party" would have one meaning for attorney fee awards under the forfeiture statute and a different meaning in other attorney fee awards statutes. Indeed, we believe that in using a phrase that has already been interpreted by the courts, the Legislature intended it to have the same meaning. State v. Rice, 116 Wash.App. 96, 104-105, 64 P.3d 651 (2003); compare Yakima Valley Bank & Trust Co. v. Yakima County, 149 Wash. 552, 556-557, 271 P. 820 (1928) (when Legislature reenacted statute that had already been construed by Washington Supreme Court, it intended the same construction to apply).
¶ 11 RAP 14.2 uses the same language:
A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review. If there is no substantially prevailing party on review, the commissioner or clerk will not award costs to any party.
This language has been the subject of several prior decisions.
*93 ¶ 12 When the question is one of money damages, the decision about which party prevails or substantially prevails is easy. The party that receives judgment is the prevailing party. Blair v. Wash. State Univ., 108 Wash.2d 558, 571, 740 P.2d 1379 (1987). The question becomes much more complicated when a monetary judgment is not the sole issue. Typically in such cases, if both parties to litigation prevail to some significant degree, neither is a prevailing party under the rule. For instance, in Northwest Television Club, Inc. v. Gross Seattle, Inc., 96 Wash.2d 973, 634 P.2d 837, 640 P.2d 710 (1981), the court concluded its discussion of the RAP 14.2 issue by summarizing the procedural history of the case:
It is clear, however, that each party partially prevailed in the Court of Appeals, and that in those circumstances the court commissioner was correct under the rule and the case law to deny costs. Here, however, lessee has prevailed on both major issues, and we hold it is therefore entitled to its costs on appeal.
Id. at 985-986. Similarly, in Goedecke v. Viking Investment Corporation, 70 Wash.2d 504, 513, 424 P.2d 307 (1967), the court concluded its opinion: "Since neither party has completely prevailed, each will bear his own costs." Many other cases are similarif both parties prevail in part, then neither is a "substantially prevailing party." E.g., Ennis v. Ring, 56 Wash.2d 465, 473, 341 P.2d 885, 353 P.2d 950 (1959). However, where one party prevails on only a marginal issue, it is not a prevailing party. S. Kitsap Family Worship Ctr. v. Weir, 135 Wash.App. 900, 915, 146 P.3d 935 (2006) (party that won on claim of property ownership was substantially prevailing party even though opposing party won on claim that a contractual attorney fee provision did not apply to case).
¶ 13 The rule is similar under chapter 4.84 RCW. At least a dozen provisions of that chapter award costs or attorney fees under varying circumstances to the "prevailing party."[2] In those cases, also, when both parties win significant issues, then neither is a prevailing party.[3]Am. Nursery Prods., Inc. v. Indian Wells Orchards, 115 Wash.2d 217, 234-235, 797 P.2d 477 (1990); McGary v. Westlake Investors, 99 Wash.2d 280, 288, 661 P.2d 971 (1983); Puget Sound Serv. Corp. v. Bush, 45 Wash.App. 312, 320-321, 724 P.2d 1127 (1986); Tallman v. Durussel, 44 Wash. App. 181, 189, 721 P.2d 985, review denied, 106 Wash.2d 1013 (1986); Rowe v. Floyd, 29 Wash.App. 532, 535-536, 629 P.2d 925 (1981). However, when there is one primary issue, the party prevailing on that issue is entitled to its costs and fees as the "prevailing party" even though the party lost on another issue. Osborn v. Grant County, 130 Wash.2d 615, 630, 926 P.2d 911 (1996).
¶ 14 Against this body of precedent, the family argues that the purpose of the attorney fee section of the forfeiture statute is to reimburse owners whose property is improperly seized by the government and that they should be entitled to attorney fees whenever they prevail on any claim. While we agree with their premise that the statute is designed to aid the property claimants, we do not agree with the conclusion they draw. In light of the fact that the Legislature used a "substantially prevailing" standard, we do not see legislative intent to award attorney fees to any claimant who prevails in some small part. When the Legislature has wanted to do so in other circumstances, it has written statutes to ensure that attorney fees are awarded when a party prevails in any degree. For instance, in the Industrial Insurance Act, the Legislature has provided in RCW 51.52.130(1)[4] for injured workers to receive complete attorney fees when they *94 prevail to the extent of confirming their right to relief, even if they lose the majority of their claims. See Boeing Co. v. Heidy, 147 Wash.2d 78, 89-90, 51 P.3d 793 (2002) (employer won on two of three issues but still had to pay for worker's attorney); Brand v. Dep't of Labor & Indus., 139 Wash.2d 659, 989 P.2d 1111 (1999). Similarly, the antidiscrimination statutes permit a party to receive full attorney fees even if not all claims are successful. RCW 49.60.030(2); Blair, 108 Wash.2d at 569-572, 740 P.2d 1379 (noting that it may be appropriate to proportion fees if claims are unrelated). The Legislature knows how to ensure that a partially successful claimant can recover actual attorney fees. By its reliance on the time-tested "substantially prevailing party" standard, we do not believe it intended to allow forfeiture claimants to recover attorney fees unless they prevailed on all the major issues in the case.
¶ 15 The use of the word "substantially" to modify "prevailing" implies that the trial judge has some discretion in deciding whether a party prevailed significantly enough to become entitled to the mandatory attorney fee award. We do not now decide the extent to which a party must succeed in order to be "substantially prevailing." We do know that it is not this case. The family received less than one quarter of the assets they were seeking.[5] Even giving a generous value to the automobile, the family recovered about $19,000 out of the nearly $77,000 they were seeking. The family decided which claims they would pursue. While they prevailed on the two smaller claims, they did not prevail on the most significant claim. Accordingly, the trial court's decision that the family was not the prevailing party could not be an abuse of discretion under these facts.
¶ 16 The ruling of the trial court is affirmed. In light of our decision to review this case in the public interest, we decline to award costs and fees on appeal.
I CONCUR: KULIK, J.
SCHULTHEIS, C.J. (dissenting).
¶ 17 The attorney fee provision of RCW. 69.50.505(6), the seizure and forfeiture statute in the Uniform Controlled Substances Act, provides: "In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant." The majority holds that the claimant family in this case, which succeeded in attaining the return of wrongfully seized property, did not "substantially prevail" under RCW 69.50.505(6) because it did not achieve the return of a sufficient, yet unspecified, amount of the total monetary value of the property it claimed in the forfeiture action. The majority relies on authority that interprets other attorney fee statutes, which refer to a prevailing party. I would not decide the issue on this authority because RCW 69.50.505(6) is different in its wording, purpose, policy, and one-sided application. I must therefore respectfully dissent.
¶ 18 Our purpose when interpreting a statute is "`to discern and implement the intent of the legislature.'" City of Olympia v. Drebick, 156 Wash.2d 289, 295, 126 P.3d 802 (quoting State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003)), cert. denied, 127 S.Ct. 436 (2006). When a statute is clear on its face, its meaning should be derived from the language of the statute alone. Kilian v. Atkinson, 147 Wash.2d 16, 20, 50 P.3d 638 (2002) (citing State v. Keller, 143 Wash.2d 267, 276, 19 P.3d 1030 (2001)). Courts should assume the legislature means exactly what it says in a statute and apply it as written. Keller, 143 Wash.2d at 276, 19 P.3d 1030.
¶ 19 The legislature decided that
[i]n any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant. In addition, in a court hearing between two or more claimants to the article or articles involved, the *95 prevailing party is entitled to a judgment for costs and reasonable attorneys' fees.
RCW 69.50.505(6).
¶ 20 The statute plainly directs that only one type of litiganta claimantmay be entitled to attorney fees in a forfeiture proceeding. The seizing law enforcement agency is not entitled to attorney fees. Deeter v. Smith, 106 Wash.2d 376, 380, 721 P.2d 519 (1986). The claimant is entitled to attorney fees if he or she "substantially prevails" in the proceeding. RCW 69.50.505(6). But if multiple claimants oppose one another in a contest over seized property, the "prevailing party" of those claimants is entitled to costs and attorney fees. Id.
¶ 21 It is significant that the legislature used two different phrases"substantially prevails" and "prevailing party"in this statute to indicate when attorney fees should be awarded. Id. This tells us that a different meaning was intended for each term. State v. Beaver, 148 Wash.2d 338, 343, 60 P.3d 586 (2002). Yet the majority holds that these two phrases mean the same thing. Such an interpretation also disregards the word "substantially." RCW 69.50.505(6). "Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996).
¶ 22 There are just two other attorney fee statutes in which the legislature chose to use the term "substantially prevail," RCW 64.35.115 and RCW 4.84.370. The former statute allows fees to the "substantially prevailing party" in an action to enforce the terms of a qualified warranty on a condominium conveyance. RCW 64.35.115. Due to the use of the terms "claimant," "qualified insurer," and "party" in chapter 64.35 RCW, it is not crystal clear whether the attorney fee provision is one-sided. Given the nature of a typical warranty enforcement action, however, it is probably one-sided like RCW 69.50.505(6), In the latter statute, RCW 4.84.370, attorney fees and costs are awarded to "the prevailing party or substantially prevailing party" in certain land use appeals where the party seeking attorney fees was the prevailing party before the local agency and in all prior judicial proceedings. RCW 4.84.370(1)(b). This statute uses the terms "prevailing party" and "substantially prevailing party" interchangeably. But, unlike in RCW 69.50.505(6), the statute provides circumstances under which the municipality may be a prevailing party for attorney fee and cost purposes. RCW 4.84.370(1)(b).
¶ 23 In all other circumstances, the legislature elected to use the phrase "prevailing party," which has been judicially interpreted to include a "substantially prevailing party."[1] The statutes that address a prevailing-party standard recognize that either party in litigation may not wholly prevail. Sometimes a quantitative analysis of the judgment to determine the award of attorney fees under those statutes is appropriate to measure the parties' relative success. Such a quantitative analysis is not necessary, however, under RCW 69.50.505(6) because this forfeiture statute recognizes the success of only one partythe claimant. What the seizing agency retains is not relevant. It will never be a substantially prevailing party or prevailing party under RCW 69.50.505(6).
¶ 24 Thus, notwithstanding the relative success of the seizing agency in the forfeiture proceeding, under the attorney fee provision in RCW 69.50.505(6), a claimant need only substantially prevail on its claim. Under the Washington rule, "substantially prevailing party" represents a less rigorous standard than "prevailing party." Riss v. Angel, 131 Wash.2d 612, 633, 934 P.2d 669 (1997).
¶ 25 The majority reasons that if the legislature wanted to grant attorney fees to a *96 litigant that only marginally succeeds, it would know how to do so. I believe the legislature clearly has done so in RCW 69.50.505(6)a claimant is entitled to attorney fees if it merely substantially prevails in its action to return wrongfully seized property. Indeed, had the legislature intended to require that the claimant more than "substantially prevail," it could have easily done so by using the term "prevailing party" as it did in the sentence that followed. See RCW 69.50.505(6); see also 3 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 18.1 author's cmts. at 412 (6th ed.2004) (a "specialized statute trumps the `prevailing party' test, and fees will be awarded or denied in accordance with the specific statute in question").
¶ 26 To support its position that the legislation would be clear if the intent was to award fees to a marginally successful claimant, the majority points to a special attorney fee statute under the Industrial Insurance Act, RCW 51.52.130. That statute provides: "[I]n cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court." RCW 51.52.130(1). First, I believe this attorney fee provision is less clear in the use of its term "right to relief is sustained" than RCW 69.50.505(6).
¶ 27 Second, although the circumstances under which fees are ordered are exactly the opposite, the same policy is at work in both statutes. RCW 69.50.505(6) calls for fees when the claimant is forced to litigate a claim for wrongfully seized property, while under RCW 51.52.130 the industrial insurance claimant is entitled to fees for being forced to defend a favorable decision on appeal.
¶ 28 This policy was behind the Washington Supreme Court's decision not to reduce attorney fee awards to reflect a worker's limited success on appeal.[2]Brand v. Dep't of Labor & Indus., 139 Wash.2d 659, 670, 989 P.2d 1111 (1999). Thus, a worker was entitled to fees, despite losing two of the three issues on appeal. Boeing Co. v. Heidy, 147 Wash.2d 78, 89-90, 51 P.3d 793 (2002). The Brand court also refused to apportion fees based in terms of successful and unsuccessful claims because of "the unitary nature of claims brought under the Industrial Insurance Act." Brand, 139 Wash.2d at 673, 989 P.2d 1111. That reluctance to segregate successful claims should be applied with equal force to RCW 69.50.505(6). The claimant family here offered several overlapping legal theories, all of which were not unrelated, to justify the return of the property it claimed. Still, even if we viewed the matter now before this court in terms of successful claims, rather than total monetary amount, the family would be entitled to attorney fees for having won two claims ($9,342 in cash and the car) to one ($57,990 in cash).
¶ 29 The purpose underlying the attorney fee provision supports a more liberal grant of attorney fees than that advanced by the majority. The provision allowing attorney fees when a claimant substantially prevails in a forfeiture proceeding was enacted to ensure fairness to the claimant. Moen v. Spokane City Police Dep't, 110 Wash.App. 714, 720-21, 42 P.3d 456 (2002). As noted by the governor upon signing the bill into law:
Engrossed Substitute House Bill No.1995 provides needed reform to our civil forfeiture laws. This bill will provide greater protection to citizens whose property is subject to seizure by law enforcement agencies. Drug dealers should not be allowed to benefit from their illegally gotten wealth, but we must not sacrifice citizens' rights in our efforts to fight drug trafficking.
LAWS OF 2001, ch. 168, at 752-53 (partial veto note[3]) (emphasis added); see Dep't of Ecology *97 v. Theodoratus, 135 Wash.2d 582, 594, 957 P.2d 1241 (1998) ("In determining legislative intent of a statute, the reviewing court considers the intent of the Governor when he vetoes a section.").
¶ 30 The governor agreed that the civil forfeiture law needed reform to protect citizen rights. Significantly, the only substantive change made to the statute was the addition of the attorney fee provision. This provision was instituted to require accountability by law enforcement, given the relative ease by which an agency may seize property for forfeiture and require the owner to institute an action for its return. See Moen, 110 Wash.App. at 720-21, 42 P.3d 456 (noting that the one-sided attorney fee statute "indicates that the legislature is sensitive to the public's concern for accountability when a civil forfeiture is insupportable").
¶ 31 When interpreting the undefined phrase "substantially prevail" as it is used in RCW 69.50.505(6), the dictionary provides the common meaning. John H. Sellen Constr. Co. v. Dep't of Revenue, 87 Wash.2d 878, 883, 558 P.2d 1342 (1976). "Substantially" is defined as "in a substantial manner: so as to be substantial." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (1993). "Substantial" in this context means: "consisting of, relating to, sharing the nature of, or constituting substance: existing as or in substance: MATERIAL." Id. "Prevail" means "to be or become effective or effectual: be successful." Id. at 1797, 558 P.2d 1342. Under these common definitions, one who substantially prevails is one who is successful in a material manner.
¶ 32 Further, in order to carry out the legislative purposes of providing greater protection to claimants and greater accountability by law enforcement agencies through recoupment of attorney fees, the statute must logically be an improvement over the former method, which was under the Equal Access to Justice Act (EAJA), RCW 4.84.340-.360. The EAJA allows for attorney fees "if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought." RCW 4.84.350(1). But fees are not allowed if the agency's actions are substantially justified. Id.
¶ 33 Considering both the common meaning and the legislative intent to improve the method of awarding attorney fees, for a claimant to substantially prevail under the new forfeiture statute, the claimant must only obtain relief on a material issue that achieves a benefit that the claimant sought, regardless of whether the seizing agency's actions were substantially justified.
¶ 34 This interpretation is supported by federal law, which the Washington legislature responded to by the promulgation of its own similar statute. RCW 69.50.505 (LAWS OF 2001, ch. 168, § 1); 28 U.S.C. § 2465 (Apr. 25, 2000, Pub.L. No. 106-185, § 4(a), 114 Stat. 211). As in Washington law, attorney fees for forfeiture cases in federal courts were formerly awarded under the federal EAJA, 28 U.S.C. § 2412(b), prior to the enactment of a specific statute. Now, the federal Civil Asset Forfeiture Reform Act (CAFRA) permits the award of attorney fees to claimants that substantially prevail in their cases. 28 U.S.C. § 2465(b). The fee provision in CAFRA is interpreted broadly to promote the stated purpose of CAFRA: "to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures." H.R.REP. NO. 106-192, at 11 (1999). Federal courts have also held that Congress intended to liberalize the award of attorney fees by enacting CAFRA, which broadens the class to receive fees in forfeiture actions from a "prevailing party" in the federal EAJA to claimants who "substantially prevail." United States v. $60,201.00 U.S. Currency, 291 F.Supp.2d 1126, 1130 (C.D.Cal.2003).
¶ 35 There is sparse case law defining the phrase "substantially prevail" under the attorney fees provisions of CAFRA. Pre-CAFRA cases, however, provide some guidance. For example, in United States v. 163.25 Acres of Land, 663 F.Supp. 1119, 1120 (W.D.Ky.1987), the court interpreted a prevailing party under the federal EAJA to mean a party that has received substantially the relief requested or has been successful on the central issue.
*98 ¶ 36 The Ninth Circuit considered claimants prevailing parties for attorney fee purposes under the federal EAJA if they succeeded on any significant issue in litigation that achieves some of the benefit the parties sought in bringing suit. United States v. 22249 Dolorosa St., 190 F.3d 977, 981 (9th Cir.1999)(quoting Nat'l Wildlife Fed'n v. Fed. Energy Regulatory Comm'n, 870 F.2d 542, 544 (9th Cir.1989)(quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))). The Dolorosa court rejected the government's argument that the claimants were not prevailing parties because they ultimately prevailed as to only 28.7 percent of the total value of the property sought in the complaint, which also included two vehicles and five quantities of currency. 190 F.3d at 981-82. Instead, the court held that the statute did not require that success be measured by comparison of property value and the forfeiture of the Dolorosa property "was a `significant issue' even if its monetary value was less than that of the property forfeited." Id. at 982.
¶ 37 That reasoning is sound. The claimant family in this case substantially prevailed because it prevailed on two significant issues central to the wrongfully seized property the burden of proof on the $9,342 in cash and the innocent owner defense on the BMW.
¶ 38 The majority recognizes the public policy goal advanced by the fee-shifting statute, which is to award fees to a claimant seeking the return of property wrongfully seized by a law enforcement agency. But I believe that goal cannot be met under the majority's decision to deny fees when a law enforcement agency seizes multiple items of personal property, some of it wrongfully, which forces a claimant to bring suit and incur expenses for the return of the wrongfully seized property. The majority opinion provides law enforcement no incentive to be discriminating when exercising its largely unrestricted power to seize property. I therefore dissent.
NOTES
[1] A claim was filed by Lorena Contreras on behalf of Mr. Torres's heirs. A second claim was filed by Mr. Torres's infant son, Jesus Jaime Torres, Jr., through Ms. Contreras as guardian. The latter claim was the one actually adjudicated. The infant relinquished the property to the estate for distribution. The claims were filed against Jose Guillen, a detective sergeant in the Sunnyside Police Department, whose role in the forfeiture is unclear from this record. For clarity and convenience, the claimants are referred to as the family and the respondents are referred to as the department.
[2] RCW 4.84.010, .030, .090, .185, .250, .260,.270, .290, .330, .350, .360, .370.
[3] In the case of contractual attorney fee awards under RCW 4.84.330 where both parties prevail on discrete contractual issues, the trial court is to award fees on a proportional basis. See Marassi v. Lau, 71 Wash.App. 912, 859 P.2d 605 (1993); Transpac Dev., Inc. v. Young Suk Oh, 132 Wash. App. 212, 130 P.3d 892 (2006); but see Hertz v. Riebe, 86 Wash.App. 102, 106, 936 P.2d 24 (1997) (declining to apply Marassi in situation of both contractual and non-contractual claims).
[4] "If ... relief is granted to a worker or beneficiary, or ... the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court." RCW 51.52.130(1).
[5] The value of the 1997 BMW 328i is not discussed in the record. Our own research in Kelly Blue Book, http://www.kbb.com, suggests the range of values, depending on the nature of the transaction, for a low mileage model in excellent condition would extend from approximately $5,500 to nearly $9,500. While the value would likely have been somewhat higher at the time of the hearing, we believe these values are still useful.
[1] E.g., Riss v. Angel, 131 Wash.2d 612, 633-34, 934 P.2d 669 (1997) (for an award of costs to the prevailing party under RCW 4.84.030, "the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties"); Hertz v. Riebe, 86 Wash.App. 102, 105, 936 P.2d 24 (1997) (under RCW 4.84.250 attorney fees and costs in damage actions of ten thousand dollars or less, allowed to the "prevailing party"); Marine Enters., Inc. v. Sec. Pac. Trading Corp., 50 Wash.App. 768, 772, 750 P.2d 1290 (1988) (attorney fees to the "prevailing party" under RCW 4.84.330 in an action related to a contract or lease).
[2] The court in Brand v. Dep't of Labor & Indus., 139 Wash.2d 659, 670, 989 P.2d 1111 (1999) stated, "Under the statute, the worker's degree of overall recovery is inconsequential. This holding is consistent with the purposes behind RCW 51.52.130. Awarding full attorney fees to workers who succeed on appeal before the superior or appellate court will ensure adequate representation for injured workers."
[3] The portion of the proposed statute concerning the formation of a committee to study the progress of the federal forfeiture attorney fee statute was vetoed as unnecessary. LAWS OF 2001, ch. 168, at 752-53 (partial veto note).